Wilde, J.,
delivered the opinion of the Court. This case turns on the competency of the evidence offered by the tenant. By the terms of the judge’s report, judgment is to be rendered for the demandants, if the copy of the mortgage deed, or the two deeds from *380 James Swan and wife, are not competent to establish the title set up m the defence ; and we are all clearly of opinion, that they are not.
As to the copy of the mortgage deed, the general rule is, that a copy shall not be permitted to be given in evidence, without first proving the loss or destruction of the original. Here no proof was produced of any such loss ; nor are there any facts in the case, from which it can be * inferred. The mortgagee never entered, nor any one deriving title from him, before tne commencement of the present action. For, as will be seen presently, the deed to Wood was inoperative ; and, therefore, his entry, and the tenant’s after him, were unlawful. No attempt has been made to foreclose. The note referred to in the mortgage deed has not been produced ; nor has any evidence been given' respecting it. There was no evidence of any demand or payment of interest; which might have been expected, had there been a subsisting debt during the lives of the parties. For aught that appears, the note might have been punctually paid. The copy of a mortgage deed, accompanied by such circumstances, can have no weight in the scale of evidence, and ought not to be admitted.
But there is another insuperable objection to the tenant’s title. The deed to Wood is clearly not valid, there being no evidence tha those persons who executed the deed in behalf of Swan had any authority from him so to do ; and the deed of a feme covert, in which the husband does not join, is void.
Nor can the tenant be permitted to set up a title under the deed of 1812, made since the commencement of the present action. The evidence of a title thus acquired has been, I believe, uniformly rejected in our courts. A different course would operate unequally and unjustly, by enabling the tenant to fortify a defective title, and avoid the payment of costs, for which he might otherwise be liable ; and which, in the course of an expensive suit, might even exceed the value of the land in litigation.
The dictum of Lord Mansfield, in the case of Sullivan vs. Montague, (2) cited by the counsel for the tenant, that “ actio non goes, in, every case, to the time of pleading, not to the commencement of the action,” is certainly not correct. The case of Reynolds vs. Beerling (3) goes the full length, perhaps, of this doctrine. But this case was afterwards overruled in the case of Evans vs. Prossen, (4) wherein it was determined, that a plea of set-off, that, the * plaintiff was indebted to the defendant at the time of the plea pleaded, is bad. And. in the case of Le Bret vs. Papillon, (5) Lord Ellenborough said, that the rule laid down in Sullivan vs. Montague had never been cited as law, *381 at least since the case of Evans vs. Prossen; and he adds, “ Since that time, it may be considered as a settled rule of pleading, that no matter of defence, arising after action brought, can properly be pleaded in bar of the action generally.”
Upon the whole of the case, therefore, we think that the demand-ants have good right to retain their verdict ; and judgment must be entered accordingly.

8) Doug. 112.

 Dong, ubi supra, in nolis.

 3 D.& E. 186.

 4 East, 502.