Wright, J.,
delivered the opinion of the court:
In 1820, the legislature, probably with a view of doing away the necessity of proving the existence of a record, before copies of them were admitted, enacted that copies of records should be prima facie evidence of the existence of such records. 22 Ohio L. 222. Under this act, a practice obtained to admit in evidence copies of the record of remote deeds in lieu of the original, but requiring the production of the original deed from the immediate grantor of the party relying upon it, on the supposition that he had in his possession the original deed, which was better evidence of its contents than a copy. Undesr this practice, we are not aware that any inconvenience was felt, or any injustice done.
In 1831, the legislature, with full knowledge of the practice, changed this law. Section 10 of the act for the proof and acknowledgment of deeds, 29 Ohio L. 349, provides that all’ copies-from the records of deeds, duly certified by the recorder, with his official seal affixed thereto, shall be received in all courts and places within this state, as prima facie evidence of the existence of such deed, and as conclusive evidence of the existence of such record. The language used here seems to admit of but one interpretation; it is certainly unequivocal. When the law prescribes that such 33] copies shall be received as evidence *in all courts and places within this state, there is no latitude for the construction of a court. The competency of the legislature to declare what shall be evidence is not disputed; and it is palpable that body has declared the copy of the record shall be received as such. Although we know not the reason of the change in the law, and might be led to doubt the expediency of it, yet it being the law, we have no choice but to give it effect in the proper case.
New trial refused.