## CHARLES NASH vs. EMERSON SPOFFORD & wife.

A conveyance, by husband and wife, of the wife's land, with covenants of warranty by both, estops the wife, as well as the husband, to deny her title to the land at the time of the conveyance.

When husband and wife mortgage the wife's land, and the mortgagee brings a writ of entry against them, they cannot defend by showing that the wife, after action brought, acquired a new title to the land, and that they hold possession under that title.

WRIT OF ENTRY upon a mortgage given by the tenants to the demandant, dated January 18th 1841, to secure a promissory note for $300, payable in three years, with yearly interest. The tenants pleaded the general issue, and set forth, in a specification of defence, that since the commencement of this suit, Olive Cutting, having title to the mortgaged premises, entered upon the same and evicted the tenants, and that they held the same by her sufferance, and as her servants.

It appeared, at the trial in the court of common pleas, before *Merrick*, J. that the said mortgage contained the usual covenants of warranty, and a clause providing that the mortgagors should retain possession of the mortgaged premises, till condition broken. It also appeared that only one year's interest had been paid on the note which the mortgage was given to secure.

The tenants offered to prove that five elevenths of said mortgaged premises, together with other real estate, were conveyed by John Temple and others, on the 16th of October 1835, to the said Olive Cutting, in trust for the sole and separate use of Mary B. Spofford, the female tenant; and that afterwards, on the 16th of January 1841, upon a partition of the premises so conveyed, the part thereof which is included in the demandant's said mortgage was duly assigned to the said Olive, without prejudice to the original trust.

The tenants further offered to prove, that at the time of making the said mortgage, as well as at the time of the commencement of this action, they were merely tenants at will of the said Olive, and that afterwards, on the 16th of December 1844, the said Olive entered upon the mortgaged premises, and that the tenants, since that time, had been tenants at sufferance, as set forth in their specification of defence.

The judge ruled that this evidence was inadmissible, and a verdict was returned for the demandant. The tenants thereupon alleged exceptions.

*Barton*, for the tenants.

*C. Allen & F. H. Dewey*, for the demandant.

DEWEY, J. The facts relied upon in defence are no sufficient answer to the present action.

1. The mortgagors (the tenants) are, by force and effect of their deed, estopped to deny that they had a good title to the estate conveyed, at the time of making the mortgage. *Wilkinson* v. *Scott*, 17 Mass. 257. *Jackson* v. *Murray*, 12 Johns. 201. As to the interest and estate of the wife, when she joins with her husband in the conveyance of her land, with covenants of warranty, she is also estopped by her covenants. *Fowler* v. *Shearer* and *Colcord* v. *Swan*, 7 Mass. 14, 291. *Wadleigh* v. *Glines*, 6 N. Hamp. 17.

2. The new title acquired by the tenants, supposing the legal estate to be in Olive Cutting, and the tenants now to be holding under her, will not avail them. Her entry, and the tenancy by the tenants under her, were since the commence-

ment of the present action. The tenants cannot set up such title thus acquired. *Hall* v. *Bell*, 6 Met. 431. *Andrews* v. *Hooper*, 13 Mass. 472. The doctrine of rebutter, to avoid circuity of action, is not admissible in such cases. The demandant may therefore recover upon the state of the title and possession shown at the time of the commencement of his suit.

*Exceptions overruled.*