## THOMPSON v. IVES.

1. It is allowable for the court to permit the landlord to defend instead of his tenant where the premises have been sold as the property of the latter, and where an action for the recovery of the possession has been brought by the purchaser; but the landlord when let in, cannot set up a title consistent with the possession sought to be recovered—he may however show his present right to retain it, and the superiority of his title.

2. Under our registry acts, the copy of a deed recorded pursuant to their directions, is not admissible evidence, without first satisfactorily accounting for the absence of the original.

3. *Semble:* Where both parties claim under distinct purchases made at sales under several executions against the same defendant, it cannot be presumed that either party is in possession of the title papers of the defendant in these executions, so as to make the mere failure of either to produce them on a notice by the other, sufficient to let in secondary evidence of their contents.  But whether the notice was sufficient or not, no injury could result from the admission of such evidence, as the title of the defendant in the executions was conceded by both parties.

Writ of Error to the Circuit Court of Autauga.

THIS was an action of trespass to try titles to, and to recover damages for the detention of a tract of land particularly described in the indorsement on the writ and in the declaration.  The plaintiff claimed as a purchaser of the lands in

question at a sheriff's sale under an execution against Eber N. Coe, the defendant in the writ and declaration; the defendant in error presented his affidavit declaring the lands were his property, and that Coe occupied the same as his tenant. Thereupon, on motion of the defendant, he was substituted as a defendant instead of Coe, notwithstanding the plaintiff objected.

The cause was tried upon the plea of *not guilty*, a verdict returned for the defendant, and judgment rendered accordingly. Upon the trial the plaintiff excepted to the ruling of the court. The plaintiff offered evidence tending to show that the lands sought to be recovered were in 1841 sold by the sheriff of Autauga under an execution against the estate of Norman Coe and Eber N. Coe, that the latter was at that time in possession, and so continued until after the commencement of this suit: *Further*, that he had given due notice to the defendant and his attorney to produce the deed of Jordan (the patentee of the lands) to Sewell, and the deed of Sewell to N. and E. N. Coe the defendants in the execution; upon the refusal of the defendant to produce these deeds, the plaintiff offered to read from the records the copies of these deeds duly registered, to which the defendant objected, because their absence was not sufficiently accounted for; and the court sustained the objection.

The defendant offered evidence tending to prove that the same lands were purchased by one Duncan in 1838 at a sale by the sheriff under sundry executions against N. and E. N. Coe, and conveyed to him by Duncan previous to the sale at which the plaintiff purchased. The plaintiff prayed the court to charge the jury, that in this action which was brought by the plaintiff, a purchaser at a sheriff's sale against Coe, a defendant in execution, an outstanding title in another could not be set up in defence. This charge was refused, and the jury were instructed that Ives having been made a defendant, may set up any legal title which he has.

The plaintiff further prayed the court to charge, that the substitution of Ives, as stated in the record, could not affect the plaintiff's right to recover, which was also refused, and the jury instructed that if Ives was the owner of the lands

and the landlord of Coe, and the latter was his tenant at will, sufferance, or for years, and having no other interest therein, then the plaintiff was not entitled to recover, unless he showed a better title than the defendant, Ives.

A. STERRETT and F. BUGBEE, for the plaintiff in error, insisted that Ives should not have been permitted to defend the action, and that the circuit court in its several decisions and rulings at the trial, misapprehended the law.

A purchaser at sheriff's sale of land, acquires only the title of defendant in execution. [Clay Dig. 205, § 17.] Coe had no interest in the land, which could pass by sheriff's deed.

S. P. STORRS, for the defendant in error, made the following points: 1. The landlord was at all times allowed to come in and defend with his tenant. 2. Anciently, under a proper showing, the courts would permit the landlord to defend alone. 3. In Alabama, the landlord may be permitted to enter himself defendant in a suit against his tenant for land. [3 Burrows, 1294-5, 1301-2; Adams on Ejectment, 230; Stiles v. Jackson, 1 Wend. 316; Jackson v. Stiles, 4 Johnson, 493; 11 Ibid, 451, 483; 17 Ibid, 112; Davis v. McKinney, 5 Ala. 719; Clay's Digest, 321, § 49; see also statute of George II. and the statute of New York.] "Joining with defendant" in these, but not in the act of Assembly. Before secondary evidence can be admitted of a deed (upon notice given the opposite party to produce) it ought to be clearly proven that the deed is in the possession of such party. [1 Stark. Ev. 356; 1 Phillips' Ev. 440; Life Ins. Co. v. Mer. Ins. Co. 7 Wend. 34; Nicholson v. Hilliard, 1 N. Car. Law R. 592, 604; McKellep v. McIlhany, 4 Watt's, 318; Sommerville v. Stephenson, 3 Stewart, 271; Fryer v. Dennis, 2 Ala. 144; Lazarus v. Lewis, 5 Ala. 459; Smith v. Armstead, 7 Ala. 698.] A party claiming under deed of warranty, though presumed to possess the deed to himself, is not supposed to possess the title papers anterior to such deed. [Cocke v. Hunter, 2 Tenn. R. 113; Nicholson v. Hilliard, 1 N. Ca. Law R. 253-4; Jackson v. Woolsey, 11 Johnson, 453.] Plaintiff in ejectment must recover on the

31

strength of his own title. [3 Bur. 2587,] and all the law books. No other than legal title in land shall be sold by sheriff. [Clay's Dig. 216, § 76.]

COLLIER, C. J.—In Doe ex dem. Davis v. McKinney and McKinney, 5 Ala. 719, the first question raised upon the record was fully considered, as well independently of, as in reference to the third section of the act "for the relief of tenants in possession against dormant titles." We there said that "the terms of this enactment are certainly broad enough, if literally interpreted, to extend to all cases, and it would really seem that no inconvenience would result from allowing it thus to operate. By making himself a defendant, the landlord cannot urge as a defence any matter which the law did not previously recognize as available to defeat a recovery by the plaintiff. The provision of the act cited does not affect the parties' rights; it relates only to the remedy. As then it was not allowable for the defendant in an execution to defeat the purchaser by showing that he held under another, so, neither can the landlord when let in to defend, set up a title consistent with the possession sought to be recovered. It is immaterial to him whether the plaintiff recovers the possession or not; for as soon as he comes in, he will be liable to all the burthens and incur all the responsibilities which rested upon the defendant as a tenant. In fact, the recovery of the purchaser, so far as the landlord is concerned, effects nothing more than the substitution of one tenant for another." It was added that if it was an error to permit the landlord to defend, it was one that could work harm to no óne, and consequently was not fatal to the judgment.

The case cited very conclusively shows, that in the admission of Ives to defend the suit upon the ground that he was the landlord of Coe, there is no error for which the judgment is reversible. It may not be out of place to remark that, a landlord should be cautious in making himself a defendant in conjunction with, or instead of his tenant, where the latter holds under a lease for an unexpired term, lest upon a general verdict against him, he might be estopped from asserting his title at the expiration of the lease.

Under our registry act, it has been held that the copy of a

deed recorded pursuant to the directions is not admissible without first satisfactorily accounting for the absence of the original; that the register is itself but a copy, and cannot be read as evidence without showing why the higher proof is not produced.   [3 Stew. Rep. 271; 5 Ala. Rep. 459.]   These decisions were induced by the failure of the legislature to declare that a copy from the record should be evidence.   In some of the States, the legislative acts upon the subject, either expressly or by implication, provide for the admission of copies, and the exposition they have received from their courts are of course different.   [1 Conn. Rep. 387; 6 Ohio Rep. 32; 4 Bibb's Rep. 42.   But see 6 H. & Johns. R. 141; 2 Penn. Rep. 617; 13 Mass. Rep. 472; 11 Wheat. Rep. 78; 1 Dev. & Bat. Rep. 40.]

If the defendant can be presumed to be in possession of all the deeds by which the lands in question had been conveyed from the patentee to N. and E. N. Coe, then the notice to produce them would warrant the admission of secondary proof of their contents.   But can it be intended that the vendee of lands has the possession of any other deeds by which it may have been conveyed by previous proprietors than that under which he claims?   However this may be, in a case like the present, where both parties claim under purchases at sheriff's sales in virtue of executions against the same defendants, can it be intended that the latter have delivered over the evidences of the title they once claimed?   And if so, to which of the parties?   Whatever answer the first question may receive, it is certainly more difficult to answer the second or the third.

In Tillery v. Simmons, 1 Overt. Rep. 209, it was held that a purchaser of land at a sheriff's sale is not bound to produce the original grant.   So one who has bought land with a general warranty, or a purchaser at a sheriff's sale, it has been decided is not presumed to have the custody of any other deed than that from his immediate bargainor.   [2 Murp. R. 270.]

If the deeds which the defendant was called on to produce cannot be intended to be in his possession, the notice to him and a failure to comply cannot justify the admission of secondary evidence of their contents: and if they were held by

some third person not a party to the suit, within the jurisdiction of the court, their production should have been coerced by a *subpœna duces tecum*, if compellable, under the circumstances.

But, has the plaintiff been prejudiced by the exclusion of the copies? He proved the possession of the Coes at the time of his purchase, and this, *prima facie*, in connection with his deed from the sheriff, &c. entitled him to recover; the defendant then showed that he was also a purchaser under a previous execution against the same parties, and that E. N. Coe was their tenant. The title of the Coes, as contended for by the plaintiffs, was conceded by the defendants, and the pretensions of the parties to success in the action made to depend upon the superiority of their respective titles acquired under the sheriffs' sales. This view shows that no injury has resulted to the plaintiff from the rejection of his secondary evidence.

There was no effort on the part of the defendant to set up an outstanding title in a third person, but he merely attempted to show the superiority of his own title, and that E. N. Coe was his tenant; the charge asked was then properly refused.

If Ives was properly admitted to defend instead of his tenant, it was certainly competent for him to show that he had the superior legal title. By this we do not understand that he might merely prove that he had a fee simple or less estate, but also that he must prove a present right to the possession, by the determination of the tenancy or from some other cause. In this view of the case, there is no error in the refusal to give the second charge prayed, and in the instructions given. It follows from what has been said, that the judgment of the circuit court must be affirmed.