## ELMORE & WILLIS v. HARRIS.

1. A purchaser who has made full payment, entered into and retained the possession of land, but who has no other evidence of title, than a bond conditioned to make him a conveyance in due form, has not such a title as can be sold under execution at law. Nor will the purchaser at the sale, with the sheriff's deed, acquire such a title that he can maintain an action at law to recover the possession.

Error to the Circuit Court of Macon. Before the Hon. G. W. Stone.

TRESPASS to try title, by the plaintiffs in error.   The title of the plaintiff was derived from a purchase made at sheriff's sale of the land in controversy, under execution against the defendant, and the deed of the sheriff to him for the land. The defence was, that the defendant had but an equitable title, having no other title than a bond with condition to make him a conveyance.   It was proved that he had paid the purchase money, and was in possession.   The court held, this was not such a title as could be sold by execution at law; to which the plaintiff excepted.   This is the matter now assigned as error.

J. A. ELMORE, for plaintiffs in error.

1. The interest of Harris, in 1841, was such that the judgment bound it, and by the sale was transferred to plaintiffs. This was an equity, or "use, within the provision of the statute of uses," which was in England also a statute against frauds.   Clay's Dig. 156, § 35; Jackson v. Parker, 9 Cow. 73, 81; Land v. Hopkins, 7 Ala. 114, 119; Bogart v. Perry, 17 Johns. 351; Ib. 1 Johns. Ch. 52.

2. No deed is necessary to pass title.   The deed is evidence of what has taken place between the parties.   The title passed by the contract of sale, and the execution of the contract, and this was coupled with possession for years, and improvements.   Bullock v. Wilson, 2 Porter, 436; Goodlet v. Smithson, 5 Porter, 245; Jones, &c. v. Inge, &c. Ib. 327; Fipps v. McGehee, Ib. 413.

3. The facts of this case differ from the one in 5 Ala. R. There the father had neither legal title, use, or possession in his own right.   Here the husband has unbroken possession, and the entire use or equity in his own right, and the naked legal title in Dent, his vendor.   Doe ex dem. &c. v. McKinney, 5 Ala. 728.

4. If the statute were silent as to what estates could be sold under execution, the law would determine that only legal interests, or such as would be protected or enforced by courts of law.

46

BELSER, for defendant in error.

1. The plaintiffs in the case must recover on the strength of their own title, and if the defendant in execution had no such title in the premises, at the time of sale, as could be reached by execution, of course they take nothing by their their purchase. Brock v. Young, 4 Ala. 584.

2. Harris, the defendant, had no such title as could be sold under execution, even if all the purchase money was paid, unless the bond from Dent had been given up, and a deed executed. Clay's Dig. 350, § 31; Davis v. McKinney, 5 Ala. 729; Doe ex dem. &c. v. Mitchell, 6 Ib. 71; Jack v. Morse, 16 John. 196; Tallot v. Chamberlaine, 3 Paige, 220; 1 Rev. Stat. of New York, 744, § 4; Clay's Dig. 216, § 76.

3. The bond for titles executed by Dent to Harris is but a covenant to convey at some future time, it does not create a seizin in the obligee, nor does it amount to a conveyance. By a mere bond for titles, uses are not raised so as to be executed by the statute, but by a conveyance; for there must be a seizin to raise them, which a covenant does not give. Clay's Dig. 156, § 35; 4 Kent's Com. 496, note; Shute v. Hardin, 1 Yerger, 10, 11; Buford v. Buford, 1 Bibb, 306; Land v. Hopkins, 7 Ala. 118-9; Childs v. Derrick, 1 Yerger, 79.

4. The cases in New York and Mississippi are founded on particular statutes of those states, not in force here. Bogart v. Perry, 17 John. 354; Thompson v. Wheatly, 7 Smede & M. 505; Ib. 744.

COLLIER, C. J.—The questions in this cause are—1. Has the purchaser of land, who has made full payment for it, entered into and retained the possession, but who has no other evidence of title than a bond conditioned to make him a conveyance in due form, such an estate as may be sold under a *fieri facias?* 2. Where land is sold under a *fieri facias* against the husband, and an action is brought against him by the purchaser, is it allowable to permit the trustee of the wife to defend with, or instead of, the husband, unless he shows *prima facie* that he has a title, as trustee, superior to and independent of that which was sold under the *fi. fa.?*

1. In Doe ex dem. Davis *v.* McKinney and McKinney, the question whether an equitable interest in lands could be sold under execution, was directly presented, and we there considered the effect of the acts of 1812 and 1820. The first statute makes lands subject to the payment of judgments and decrees, and clerks are required to frame the executions accordingly: *Further*, "the sheriff or other officer selling any real estate, shall make a title to the purchaser, which title shall vest in the purchaser all the right, title and interest which the defendant had in and to such real estate, either in law or equity." This enactment we said was restricted in its operation by that of 1820, which provides that "no other than the legal to land or other real estate, shall hereafter be sold or conveyed by virtue of any execution." *Also*, that "the equitable title or claim to land, or other real estate, shall hereafter be liable to the payment of debts, by suit in chancery, and not otherwise; and when a bill shall be filed for that purpose, all persons concerned in interest shall be made parties thereto." We were inclined to think, that under the first statute it would have been no objection to the sale of lands under execution, that the defendant had only an equitable title; but were of opinion it had been repealed in part by the later act. This we said was "explicit in its terms, and does not leave the intention of the legislature to be ascertained by construction. It inhibits the sale of an equitable title under execution, and refers the creditor to chancery for an authority to sell it. The occupant of land with such a title, we think, cannot be regarded as having a distinct and independent possession, which may be levied on, but his possession is so intimately connected with the title, that it cannot be sold under execution, so as to transfer an interest to the purchaser." The case cited was elaborately considered, not only with a reference to all our previous adjudications on the question, but also to the decisions from New York; and we have ever since adhered to it as a satisfactory exposition of the law. See also Whiteside, et al. v. The Branch Bank at Decatur, 10 Ala. Rep. 249.

It has been also held, that the mere occupation or possession of land which cannot ripen into a legal estate, is not such an interest as can be sold under execution. Rhea, Con-

ner & Co. v. Hughes, 1 Ala. Rep. N. S. 219. In Doe ex
dem. Heydenfeldt v. Mitchell, 6 Ala. R. 70, it was shown
that the defendant had been in possession of land for several
years, built a house, and made other valuable improvements
thereon, and we decided that the inference was, that his oc-
cupancy was legal, and his estate such as might be sold un-
der execution; if this inference was unauthorized, it devolv-
ed on the defendant to show it. These cases are entirely re-
concilable with each other, and are all well supported by au-
thority.

It is enacted by statute in Mississippi, that "estates of every
kind holden or possessed in trust, shall be subject to like
debts and charges of the persons to whose use, or to whose
benefit they were, or shall be respectively holden or possess-
ed, as they would have been subject to, if those persons had
owned the like interest in the things holden or possessed, as
they own, or shall own, in the uses and trusts thereof."
*Again*, " when the sheriff shall sell lands and tenements, it
shall be his duty to make such deeds as may be necessary to
vest in the purchaser the right, title, interest, claim, and de-
mand of the debtor, or defendant, either in law or equity."
Under these enactments it has been decided, that where a
person has a bond in which the obligor stipulates to make
him a title bond, on payment of the purchase money, when
he pays the purchase money, he acquires such an estate in
the land as may be sold under execution; and the purcha-
ser at sheriff's sale of land thus situated, acquires the same
equitable interest in the land, which the judgment debtor
had; but the legal title being outstanding, he cannot main-
tain ejectment to recover the possession—he must come into
equity to enforce his right. Thompson v. Wheatley, 5 S. &
Mar. Rep. 499. In Goodwin v. Anderson, et al. Id. 730, it
was determined that the vendee of real estate who has only
a bond for title, when the purchase money is paid, and who
has paid but part of the purchase money, has not such an in-
terest as is subject to seizure and sale under an execution at
law. It is made a question whether a purchaser of land un-
der execution against the vendee thereof, who has only a
bond for title, when the purchase money is paid, is entitled

to be substituted to the place of the judgment creditor to the extent of his bid at the sale under execution. See 5 Har. & Johns. R. 164; 8 East's Rep. 481; 5 Bos. & Pul. R. 461; 7 Smedes & Mar. Rep. 15, 630; 1 Yerg. Rep. 3, 79; 13 Pet. Rep. 298; 4 McC. Rep. 340; 1 Dev. & Bat. Rep. 52; 4 Dev. Rep. 174; 3 Cow. Rep. 81; 19 Wend. Rep, 414; 8 Ohio Rep. 21; 2 N. Hamp. Rep. 16; 9 Wend. Rep. 20; Conn. Rep. 226; 2 Leigh's Rep. 280; 4 Smedes & Mar. Rep. 163. It is the result of our decisions, as well as several of the citations we have made; especially the cases from the Mississippi reports, that the defendant had no such estate in the premises in question as could be sold under execution; and that the plaintiff did not acquire a title by his purchase and the sheriff's deed, on which he could maintain an action at law, to recover the possession.

2. The conclusion attained upon the first point relieves us from the necessity of giving to the second an extended examination. We have heretofore elaborately considered the right of a party claiming an interest in lands sought to be recovered by action, to be let in to defend his title, and the character of the defence he is permitted to interpose. In the present case, it is not possible that the plaintiffs have been prejudiced by the order permitting Forest to be made a party to the record, that he might assert the rights of his *cestui que trust*, Mrs. Harris; for we have seen that the plaintiff had no legal title, and could not recover, irrespective of the claim set up by the intervening defendant. Doe ex dem. Davis v. McKinney and McKinney, *ut supra;* Thompson v. Ives, 11 Ala. Rep. 239. These cases are so direct and full, that we need add nothing more. The judgment of the circuit court is consequently affirmed.