## BRIGHT & LEDYARD v. YOUNG et al.

1. Where the plaintiffs in a cause, to whom a deed of mortgage had been executed, and which remained unsatisfied, in answer to interrogatories propounded to them under the statute, state, that the deed is in the hands of S P S, their attorney, and S P S being examined as a witness, deposed that it has not been in his possession for the last five or six months, and a notice to produce it on the trial, is shown to have been duly served on R S, another attorney, who had succeeded S P S in the management of the cause—these facts constitute a sufficient predicate for the admission of secondary evidence at the instance of the defendant, the deed not having been produced.

2. Where a deed is not produced after due notice to the party having the control of it, the court will be liberal in the application of the rule, which allows secondary evidence; and though there be no direct evidence of the identity and execution of the deed, proof of circumstances, tending to establish these facts, is admissible, and proper to be submitted to the jury.

Error to the Circuit Court of Tallapoosa. Before the Hon. George W. Stone.

THIS was an action on a promissory note made by James Young, Reuben G. Young and William Winslett, in favor of the plaintiffs in error. James and Reuben G. Young did not defend, but suffered a judgment to go against them by default. Winslett appeared to the suit, and relied for his defence on the facts, that he was but the surety of said James and Reuben G. Young, and that the plaintiffs had upon valuable consideration, and without his consent, given day to the said James and Reuben G. To make out this defence, Winslett propounded interrogatories under the statute to the plaintiffs, and, among other things, inquired about a deed of mortgage executed by said James and Reuben G. Young to them, to secure the note sued, and asked them to attach it to their answer. They replied that they had received a deed of mortgage from the said James and Reuben G., but that they did not recollect what particular notes it was made to secure, and that it was in the hands of their attorney, Seth P. Storrs. Col. Storrs was then examined at the instance of said Winslett, and deposed, that he had not had the said mortgage in his possession for the last five or six months. Col. Storrs, some time prior to his examination, had abandoned the cause, and it had come under the management of Reuben Shorter, Esq. A notice to said Shorter, as the plaintiffs' attorney, to produce said deed at the trial, was shown to have been served on him about six months before. The defendant Winslett, (the deed not being produced,) then offered in evidence a certified copy of it from the office of the clerk of the county court of Tallapoosa county, and in connection with the testimony of Col. Storrs, who was a subscribing witness, but who did not identify it with any degree of certainty, introduced other circumstantial evidence of its execution and identity, but no direct proof of either. The court admitted the copy deed, by which it appeared that the said James and Reuben G. Young had procured from said plaintiffs an extension on the note sued on. To the admission of the copy deed the plaintiffs excepted, and now assign as error:

1. That the defendant Winslett did not lay a sufficient predicate for the admission of secondary evidence of the contents of the deed, and that the court erred in admitting the copy.

Vol. 15—15

2. That the proof of the execution and identity of the deed was not sufficient to authorize its admission in evidence.

J. FALKNER, for plaintiff in error.

The notice to Mr. Shorter to produce the mortgage was served on him 14th October, 1846. This was on the coming in of Ledyard's answer. Mr. Shorter was not the attorney of record, but was merely representing Col. Storrs. Defendant's attorney proved that one week after the spring term, 1847, said deed or mortgage was delivered by him to Col. Storrs. This was after Col. Storrs had abandoned the suit, and another attorney had taken the management of it, and after the notice to Mr. Shorter.

On the 9th of October, 1847, Col. Storrs answers that the mortgage was not, and had not been in his possession for five or six months.

The *sub. duces tecum* was executed on the day the interrogatories were answered, after the mortgage had gone out of his possession, and after he had ceased to have any thing to do with the management of the cause.

The mortgage is not shown to have been destroyed, or in the power or control of plaintiff or his attorney, one of which was necessary to authorize the secondary evidence. See Thompson v. Ives, 11 Ala. Rep. 239, and authorities there cited.

All these facts were known to defendant before he announced himself ready for trial.

W. W. MORRIS, contra.

CHILTON, J.—The main ground relied upon by the plaintiffs in error to reverse this cause, is the admission of secondary evidence of the contents of a mortgage deed executed by J. and R. G. Young to them. This deed, which was executed and delivered to them, and which remains unsatisfied, the law presumes to be in their custody, and it was their duty, if they apprehended any injury from an imperfect description of it by witnesses, or from the introduction of a copy, to have produced the original.

One of the plaintiffs, in answer to interrogatories propounded to him for a discovery as to the mortgage sought to be proved, says it was in the possession of Mr. Storrs, the attorney for the plaintiffs in error, at the time of his answering the interrogatories. Mr. Storrs was then examined, and answered, that he had seen a mortgage deed from the Messrs. Youngs to the plaintiffs. That he was a subscribing witness thereto; so also was George C. Ball; but having been casually called on to witness it, while he happened to be at the office of Mr. Ball in Montgomery, he did not read it or hear it read. He further stated, that he did not have the mortgage, and that it had not been in his possession for some five or six months prior to his examination.

It further appears, that some twelve months anterior to the trial, a notice had issued and was served upon Mr. Shorter, to whose management, as an attorney, the cause had been transferred by Mr. Storrs, to produce said mortgage on the trial. The same not having been produced, a certified copy from the record of the county court was allowed to be read.

The rule requires a party to adduce the best evidence of the fact to be proved, of which the nature of the case admits, and which is in his power to produce. In the case before us, the mortgage deed was made to the plaintiffs in error. They were the mortgagees, and it is clear from the proof, that the deed became operative by delivery. The law then, in the absence of other proof, presumes them to be in possession of it. Rex v. Leicester, 1 Bar. & Ald. 173; 3 Phil. Ev. 1187, n. 837, and cases there cited. The notice given the attorney who was then managing the cause for the plaintiffs, to produce the deed on the trial, described the deed, and was sufficient; it operated as notice upon the plaintiffs, and upon the attorney who subsequently came into the cause. Clay's Dig. 337, § 137; 1 Mood. & Rob. 242. Reasonable diligence is all the law requires the defendant to exercise in order to procure the better testimony. We think the diligence disclosed by the record altogether sufficient in this case. In order to establish the instrument, and procure its production, the defendant examined one of the plaintiffs in the action. Finding by the answer of the plaintiff, that the deed was in possession of Col. Storrs, he is next examined, but he had

parted with its possession some five or six months previous to his examination. He was also summoned by *subpœna duces tecum*, to bring the instrument into court. Col. Storrs having abandoned the suit, the attorney who represented him was notified to produce it upon the trial. Now, if under such circumstances, secondary evidence may not be admitted of its contents, it would be difficult to conceive of a case where it should be allowed.

It is true, as insisted upon by the plaintiffs' counsel, that the execution of the instrument must be proved, notwithstanding secondary evidence of its contents may be allowed. In this case, however, the subscribing witness was examined, and although he cannot speak of the contents, not having read it or heard it read, still he deposes to certain facts, which may properly go to the jury as identifying and establishing the copy offered from the records of the county court as being correct. When a deed is not produced after notice, and it is shown to have been under the control of the adverse party, the court will be liberal in the application of the rule which allows secondary evidence, and so apply it as to promote the ends of justice. So it is held, that where no direct testimony on the point of execution or former existence of an instrument is attainable, the fact may be proved by circumstances. Gillespey v. Woolsey, 1 Johns. Rep. 446. So also, where a deed to land was lost, and the witness who testified as to its existence remembered that there were subscribing witnesses to it, but did not know their names, and it not appearing that the party seeking to establish the deed had the means of knowing them, held he might prove the deed by the acknowledgments of the opposite party. 7 Wend. 125. The proof made by Col. Storrs was relevant, and properly submitted to the jury in connection with the copy from the register of deeds. Whether it sufficiently proves and identifies the copy, was a question for the jury. In such cases, although the proof may be vague and uncertain as to dates, sums, &c., every intendment and presumption are against the party who might make the whole matter plain by producing the deed. 3 Phil. Ev. 1192.

The plaintiffs, having failed to produce the deed in accordance with the notice, they cannot object that they were not

afterwards required to produce it upon the examination of their attorney before commissioners. If they desired to have the best evidence, the deed itself, it was under their control, and it had already been called for, but not produced. They then submitted that the witness might give his best recollection, as to its existence and contents. The cases relied upon by the plaintiffs' counsel, of Thomson v. Ives, 11 Ala. Rep. 239; Thomas v. Wallace, 5 Ala. Rep. 268; and Lazarus v. Lewis, Ib. 457, do not in the least militate against the views above expressed. We can discover no error in the judgment of the circuit court, and it is therefore affirmed.