### PHILO HOOPER *vs.* INHABITANTS OF BRIDGEWATER.

The owner of land taken for a school-house may waive the notice and tender required by the Gen. Sts. *c.* 38, § 38, and, on the trial of a writ of entry brought by him to recover the land, the question whether he has done so is for the jury.

It is no defence to a writ of entry against a town, that the tenants have taken the demanded premises for a school-house by virtue of proceedings, under the Gen. Sts. *c.* 38, commenced since the bringing of the action.

WRIT OF ENTRY, dated February 25, 1868, to recover a parcel of land in that part of Bridgewater called Titicut. Plea *nul disseisin*, with a specification of defence that the tenants had taken the demanded premises for a school-house, by virtue of proceedings in 1866, under the Gen. Sts. *c.* 38. In October 1868 the tenants filed a second specification of defence, setting up a taking of the premises for a school-house under the statute by virtue of proceedings in August and September 1868.

At the trial, at February term 1869 of the superior court, before *Scudder*, J., it appeared that, up to the time of bringing the action, there had been no notice to the demandant of the intention of the tenants to take the land, and no payment or tender of payment of the damages awarded to him. The tenants offered evidence tending to show that the demandant had waived notice and tender, but he denied that he had done so. It was admitted that the proceedings for taking the land in August and September 1868 were in due form of law. A claim by the tenants for betterments is now immaterial.

The judge, *pro formá*, directed the jury to return a verdict for the demandant, and reported the case for the determination of this court.

*H. Kingman*, ( *W. Latham* with him,) for the tenants.

*E. Ames*, for the demandant.

CHAPMAN, C. J. It is well settled that in a real action judgment must be rendered upon the title as it was at the date of the writ. The tenant cannot set up a title acquired by a deed made to him without the demandant's concurrence since the commencement of the suit. *Andrews* v. *Hooper*, 13 Mass. 472. *Hall* v. *Bell*, 6 Met. 431. *Tainter* v. *Hemenway*, 7 Cush. 573. *Curtis* v. *Francis*, 9 Cush. 427. The title acquired by these tenants by taking the land during the pendency of the action, by virtue of the Gen. Sts. *c.* 38, § 38, was without the demandant's concurrence, and was transferred by the exercise of a power granted by the statute, and thus was equivalent to a statute conveyance.

The tenants had attempted to take the land before the action was commenced. But, in order to gain a title in this way, it was necessary to give notice to the owner as provided in the statute, and to tender to him the appraised value of the land. They had not done either of these acts. But as the acts were to be done for the benefit of the owner, it was in his power to waive them. They offered evidence tending to show that he had waived both the notice and the tender. But he denied this; and thus two questions of fact are presented, which should be determined by a jury. But neither of them was submitted to the jury. It is necessary that the verdict be set aside and a new trial granted, in order that these facts be determined. Until then, no question can arise as to betterments, or as to what judgment shall be rendered.

The demandant may take advantage in this action of any irregularity in the first taking of the land, because he has no remedy by *certiorari* to quash the proceedings. *Robbins* v. *Lexington*, 8 Cush. 292.

*Verdict set aside ; case to stand for trial.*