CHARLES A. REED *vs.* NICHOLAS N. CRAPO.

Bristol. October 26, 1880; May 6. — July 3, 1882.

If a waiver, by all persons interested in land sold by a collector of taxes, of an informality in the sale, after the bringing of a writ of entry by the purchaser at the sale against a person claiming title to the land as a disseisor, will operate by estoppel to make good the demandant's title as against such persons, it will not have that effect as against the tenant.

DEVENS, J. This is a writ of entry, in which the demandant claims title under a tax collector's deed. The premises in dispute were sold by the collector of the city of Taunton, for taxes assessed against the heirs of Elizabeth Angell, as the property of non-resident owners. The tenant contended that he had acquired title by adverse possession. But, under instructions on this point not objected to, the jury found for the demandant. In dealing with the exceptions not disposed of by the verdict, the tenant is therefore to be treated as having no title to the land, and as being in possession only as a disseisor.

The tax was assessed to the heirs of Elizabeth Angell under a statute which provides that "the undivided real estate of a deceased person may be assessed to his heirs or devisees without designating any of them by name, until they have given notice to the assessors of the division of the estate and the names of the several heirs or devisees; and each heir or devisee shall be liable for the whole of such tax, and when paid by him he may recover of the other heirs or devisees their respective proportions thereof." Gen. Sts. *c.* 11, § 10.

When the assessment was made, some of the heirs were in fact residents of Taunton, and it was admitted that no demand was made upon them or upon any occupant of the estate. Gen. Sts. c. 12, § 22. The collector, supposing the heirs to be all non-residents, proceeded according to the requirements in such cases. His deed to the demandant recites that "said heirs were and are non-residents, and have appointed no inhabitant of Taunton as their attorney for the payment of said taxes." Gen. Sts. c. 12, § 25. It further appeared thereby, that notice of the time and place of sale had been given only by an advertisement duly published and posted. Gen. Sts. c. 12, § 28.

At the first trial, the attempt was made to obviate the objection to the validity of the deed arising from the circumstance that some (and the larger part) of the owners of the land were in fact residents, by showing that most of them had received their shares of the surplus, after the collector had applied the proceeds of the sale to the payment of the tax, and had discharged him from any liability on account thereof. The sale and conveyance by the collector of lands sold for the payment of taxes is the exercise of a mere statutory power, and to be effectual it must in all respects conform to the requirements of the statutes. If compliance with these could be waived, it could only be by the concurrence of all interested in the estate. Even if the receipt of the money might possibly estop the receivers from contending that the sale was invalid by reason of the failure to demand the tax from them, or for any similar reason, and might thus be deemed a waiver of their rights in that regard, and a ratification of the sale, yet the deed could not operate to convey a title even by estoppel, unless all entitled to object to the invalidity of the proceedings of the collector had waived their right so to do. *Reed* v. *Crapo*, 127 Mass. 39.

As the case then stood, the deed was therefore inoperative to give the demandant a title, and the tenant, even if he is but a disseisor in possession, has a right to occupy until a better title is shown. *Wellington* v. *Gale*, 13 Mass. 483.

It now appears that, since the first trial, the remaining owners have been paid their share of the surplus, and have in distinct terms ratified and confirmed the sale made by the collector. All persons having any title to the land have now given to the

collector receipts for their shares of the surplus, together with releases under seal from any liability on account of the sale.

Upon these facts, the demandant contends that, all the real owners of the estate having waived the demand upon them and ratified the deed of the collector, the tenant is bound by this waiver and ratification, upon the ground that one in possession, sustaining it by no other title than a denial that a former owner had parted with his rights, is so far privy in estate to him whose title he maintains that he is concluded by whatever destroys that. *Somes* v. *Skinner*, 3 Pick. 52, 60. *Russ* v. *Alpaugh*, 118 Mass. 369, 376. *Kinsman* v. *Loomis*, 11 Ohio, 475.

But, in a real action, judgment must be rendered upon the title as it stood at the date of the writ. *Andrews* v. *Hooper*, 13 Mass. 472. *Hall* v. *Bell*, 6 Met. 431. *Hooper* v. *Bridgewater*, 102 Mass. 512. It is the right of the tenant here, that all the conditions made necessary by law to vest the title in the demandant shall have been complied with when action is brought. He is not to be subjected to the expense of litigation by reason of a title which the demandant may subsequently acquire. If, under the circumstances of the present case, the acts of waiver and estoppel here relied on can be held by relation to establish the title of the demandant, as against the record owners, from the date of the collector's deed, still such waiver by the owners since the commencement of the action cannot be held to make the demandant's title good as against the tenant's right of possession at that time.

The court having refused to rule at the trial that no waiver by the owners since action brought could affect the tenant, or give the demandant a right to recover, the entry must be

*Exceptions sustained.*

The case was argued at the bar in October 1880, and was afterwards submitted on briefs to all the judges.

*W. H. Fox*, for the tenant.

*C. A. Reed, pro se.*