## W. T. HAUPTMAN v. ALBERT PIKE.

FILED JUNE 20, 1906.     No. 14,299.

1. **Sales:** FALSE REPRESENTATIONS. Where the defense is that the defendant had been induced to buy certain personal property by the false and fraudulent representations of the plaintiff, his vendor, the fact that such representations were made two days before the

sale was consummated would not of itself justify the exclusion of evidence thereof.

2. ——— : ———. Ordinarily, in such case, the defendant is entitled to trace the negotiations to their inception, where the evidence thereof tends to establish such defense.

Error to the district court for Saline county: Leslie G. Hurd, Judge. *Reversed.*

*F. W. Bartos* and *Hall, Woods & Pound,* for plaintiff in error.

*A. S. Sands* and *Hazlett & Jack, contra.*

Albert, C.

Suit was brought by the payee against the maker of a promissory note to recover the balance due thereon. The answer admits the execution and delivery of the note. As a defense thereto it is alleged in the answer that the consideration therefor was a certain team of horses sold and delivered by the plaintiff to the defendant; that at and prior to the sale and delivery thereof the plaintiff, to induce the defendant to buy the said team, falsely and fraudulently represented that the said horses, and each of them, were "perfectly sound, gentle and without blemish"; that the defendant bought the said team, and gave the note in suit, relying upon said representations and believing the same to be true; that the said representations were false, in that one of the horses at the time was lame, spavined, vicious, and dangerous to handle; but by reason of said false representations the defendant has sustained damages in excess of the balance due on the note. The reply is a general denial of the facts pleaded as an affirmative defense. The jury found against the defendant on his affirmative defense, and returned a verdict for the full amount of the balance due on the note. Judgment went accordingly. The defendant brings error.

That the note was given for the consideration stated in the answer is conceded. That one of the horses was lame

and vicious is a fact which the jury could well have found from the evidence. The nature of the representations made by the plaintiff with respect to the team and whether the defendant relied upon them are among the principal questions litigated. The defendant testified in his own behalf. It appears from his testimony that about two days before he bought the team the plaintiff called upon him, and asked him if he wanted to buy a team; that he answered in the affirmative, whereupon the plaintiff informed him that he had a team to sell. After testifying to those facts, the defendant was interrogated as to the representations made by the plaintiff at that time. The answer was excluded, whereupon the defendant made the following offer: "Defendant offers to prove by this witness that on the last day of February, at defendant's residence in Saline county, the plaintiff represented to this defendant that he had a bay team of horses to sell, or a horse and a mare, that were sound, free from blemishes, and free from vice; that in pursuance of said representations the defendant two days afterwards went over to the plaintiff's place in the evening to buy said team, and did buy it on the strength of the representations made by the plaintiff, not only at the time he bought them, but representations made at his house before that time." To the foregoing offer the plaintiff interposed this objection: "Plaintiff objects to the offer, as far as the same relates to any conversation or conversations had prior to the purchase and sale of the team mentioned, and to the conversation or purported conversation had two days before the transaction at the house or home of the defendant, as incompetent, irrelevant and immaterial." The objection was sustained and the ruling in that behalf is now assigned as error. It would seem that the court excluded the evidence on the theory that representations made two days before the sale took place were too remote. That theory is not tenable. The gist of the defense is that the defendant was induced to buy the team by certain false and fraudulent representations made by the plaintiff. Of

necessity, representations which are the inducement, or part of the inducement, to a sale must precede it; generally they are a part of the negotiations leading up to it. Such negotiations may cover a longer or shorter period, but, in either case, it is competent for the party charging fraud to trace them to their inception, if necessary, to prove the charge. See *Sellar v. Clelland,* 2 Colo. 532; *Kost v. Bender,* 25 Mich. 515; 14 Am. & Eng. Ency. Law (2d ed.), 198. The plaintiff contends, however, that he admitted the representations included in the offer while testifying in his own behalf. The evidence pointed to sustain that contention does not do so. It shows that he represented the horses to be sound, "as far as he knew." That is essentially different from the unqualified representations which the defendant offered to show. It is also claimed that the defendant was afterwards permitted to testify to matters covered by his offer. A careful reading of his testimony satisfies us that such is not the case, and that both he and counsel regarded the ruling of the court upon the offer as final, and were governed by it during the after progress of the trial.

Complaint is also made because the court sustained a motion to strike two clauses from the answer on the ground that such portions tendered other and different issues than those litigated in the county court where the case was first brought and tried. As to one clause, no complaint was made in the motion for a new trial that it was thus stricken; as to the other, it is impossible to ascertain from the record whether it was material in the connection in which it was used, because the connection in which it stood is not shown. For these reasons, we cannot determine the correctness of the ruling of the trial court on this motion. Other questions are argued, but they are not of a character requiring notice at this time.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

Duffie and Jackson, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.