ALBERT PIKE, APPELLEE, v. W. F. HAUPTMAN, APPELLANT.

FILED JANUARY 9, 1909. No. 15,392.

1. **Evidence on Former Trial: ABSENCE OF WITNESS.** Where it is apparent that the sheriff made an honest effort to serve a subpœna, and was unable to do so on account of the absence of the witness from the state, such information being given by those in a position to know, it is not error to allow the evidence of the absent witness given at a former trial of the case to be read to the jury; the party desiring the presence of such witness having taken timely steps to secure his attendance by compulsory process.

2. **Trial: OFFER OF PROOF.** No error is committed in rejecting an offer of proof not within the limits of the question on which the offer is based.

3. **Appeal: EXCEPTIONS.** In order to save a question for review in this court, an exception must be taken to the ruling of the trial court of which complaint is made.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Bartos & Bartos* and *Hall, Woods & Pound,* for appellant.

*Hazlett & Jack* and *Grimm & Grimm, contra.*

DUFFIE, C.

Action upon a promissory note given in part payment for a team of horses. The defense was breach of warranty. A full statement of the issues made by the pleadings will be found in the opinion of Mr. Commissioner ALBERT, *Hauptman v. Pike,* 77 Neb. 105. Plaintiff recovered in the district court, and defendant has appealed.

The only errors alleged by appellant arise from a blemish upon one of the horses, which defendant claims was a

spavin.   On the former trial one Ojers was a witness for
the plaintiff.   February 20, 1907, plaintiff caused a sub-
poena to issue for said Ojers, which was served by the
sheriff by leaving a copy at the usual place of residence
of said Ojers in Saline county.   The sheriff's return shows
that, after diligent search, he was unable to find Ojers in
the county.   The trial was commenced on the 26th day of
February, 1907, and the sheriff testified that Ojers' wife
informed him that Ojers was in the city of St. Joseph
attending school, and was not expected to return for
a period of three months.   Thereupon the court admitted
the evidence of Ojers given upon the first trial.   The ap-
pellant alleges this as error.   The subpoena with the re-
turn thereon shows due diligence on the part of the plain-
tiff in taking timely action to secure the attendance of
Ojers as a witness.   The testimony of the sheriff that he
made inquiry from those who were presumably acquainted
with the whereabouts of the witness ought, we think, to
be satisfactory evidence that the attendance of the witness
could not be secured, and the case differs materially in
its facts from *Wittenberg v. Mollyneaux,* 59 Neb. 203,
where the defendant apparently relied upon the promise
of the witness to be present at the trial and who took no
steps either to notify the witness of the time of the trial
or to secure his attendance by legal process until the day
before the trial, and after he had learned that the witness
was absent from his home, when he secured a subpoena,
knowing that service on the witness could not be pro-
cured.   Abbott, Trial Brief, Mode of Proving Facts (2d
ed.), p. 31; *Phelps v. Foot,* 1 Conn. 387.

The defendant introduced evidence tending to show that
"spavined stock breeds from spavined stock" and that
there is a hereditary predisposition to spavin.   An expert
witness called by the defendant testified that a spavined
condition of the mare in question would deteriorate her
value as a brood animal and was then asked if he could
tell to what extent the spavined condition would affect her
value for breeding purposes.   He answered that he could.

The examiner then said to him: "You may now state." He answered: "On my part, I would consider her worthless. If we wish to breed sound horses, we must breed from sound horses. If we breed from spavined stock, we get spavined stock in most instances." Without any further question to the witness, the defendant then made the following offer: "The defendant now offers to prove by this witness that Mr. Chapman pointed out a sister of the mare in question, and upon examination he found that her hock joint was covered with spavin and was greatly inflamed, and that she was unsound from the same trouble as the mare in question now is." To which offer the court sustained an objection and excluded the testimony. This is now assigned as error. The rule appears to be that, unless there is pending a question to which the offer made is responsive, and objection to the question has been sustained by the court, an offer of proof should not be entertained by the court, and that sustaining an objection to such offer is not prejudicial error. In other words, an offer to prove facts wholly disconnected with any matter concerning which the witness has been questioned is not proper, and presents no question for review by the district court. *Dunphy v. Bartenbach,* 40 Neb. 143; *Perkins v. Tilton,* 53 Neb. 440; *Sellars v. Foster,* 27 Neb. 118; *Barr v. Post,* 56 Neb. 698.

The third error assigned is the refusal of the court to allow expert witnesses to testify with respect to the statements of standard text-writers on veterinarian medicine as to what is spavin. It is conceded that *Van Skike v. Potter,* 53 Neb. 28, disapproves the custom of reading on evidence to the jury a scientific treatise written for a learned profession, but it is urged that a member of the profession ought to be allowed to fortify his opinion by showing that it is borne out by standard text-books upon the subject. Without expressing any opinion upon this subject, we are driven to the conclusion that the record does not fairly present the question. Aside from not being interrogated as to the definition of spavin given by

the text-writers, no exception was taken to the ruling of the court sustaining an exception to the question which was asked, and the record therefore presents no question for review.

The last error assigned is in allowing a witness for the plaintiff to make a statement regarding his difficulties with the defendant in a matter wholly unconnected with the case. Relating to this, it is sufficient to say that upon cross-examination of the witness defendant's counsel asked him if he had not had difficulty with the defendant, and on re-examination the witness was requested to state the facts relating to the difficulty, which he did. We cannot see that this constitutes any reversible error.

We recommend an affirmance of the judgment.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.