## BUFFALO COUNTY NATL. BANK v. C. E. HANSON.

### [FILED APRIL 13, 1892.]

1. **Landlord and Tenant:** LEASE: SURRENDER.  A lease in writing may be surrendered by any agreement between the parties that the term shall be terminated, which is unequivocally acted upon by both.

2. ———: BANKS: COLLATERAL SECURITIES.  Where a bank became assignee of a lessor, and held certain securities of the lessee which it collected and sought to apply on the rent, *held*, that it had no lien upon such securities for the rent, and could not apply the same in payment of the rent without the lessee's consent.

ERROR to the district court for Buffalo county.    Tried below before CHURCH, J.

*Calkins & Pratt*, for plaintiff in error, cited : *Wilson v. Gerhardt*, 9 Colo., 585; *Wall v. Hind*, 4 Gray [Mass.], 356; *Damb v. Hoffman*, 3 E. D. Smith [N. Y.], 361; *Bailey v. Wells*, 8 Wis., 141; *Shaw v. Partridge*, 17 Vt., 626; *Smith v. Harrison*, 42 O. St., 180; *Kittle v. St. John*, 7 Neb., 75; *Thomas v. Nelson*, 69 N. Y., 118; *Tolle v.*

*Orth,* 75 Ind., 298; *Melling v. Becker,* 96 Pa. St., 182; *Allen v. Saunders,* 6 Neb., 442; *Auer v. Penn,* 99 Pa. St., 370; *Meyer v. Smith,* 33 Ark., 627.

*Hartman & Dryden,* and *Geo. E. Evans, contra,* cited: *C., K. & N. R. Co. v. Wiebe,* 25 Neb., 542; *Whitehead v. Clifford,* 5 Taunt. [Eng.], 518; *Everett v. Williamson's Trustees,* 12 S. E. Rep. [N. Car.], 187, and cases cited; *Bank of U. S. v. Macalester,* 9 Pa. St., 475; *Wyckoff v. Anthony,* 90 N. Y., 442; Colbrooke, Collateral Securities, 83; *Mason Savings Bank v. Bangs,* 84 Ky., 135.

MAXWELL, CH. J.

On the 24th of August, 1885, Hansen leased from Ross Gamble a certain store-room in the city of Kearney for the term of two years from September 24 of that year, at the rental of $65 per month, payable monthly in advance. He remained in possession of said room until about July, 1886, when he sold his stock of goods to Crow & Monroe, who continued in business in that room until October, 1886, when they sold the stock of goods to one McBeth, who continued to occupy the room until the 18th of January, 1887. The rent was paid up to the time Crow & Monroe sold out. After McBeth vacated the premises they seem to have been unoccupied during a large part of the remaining portion of the lease, although the plaintiff collected $90 from one George for rent. At the expiration of two years from the date of the lease it is claimed that there still remained due and unpaid thereon the sum of $443.95. On the 26th of August, 1885, Gamble conveyed the premises in question to the plaintiff. The defendant in error seems to have transacted his business at the plaintiff's bank, and the bank having a note of Hansen's which he had deposited as collateral security for another matter, it collected the same, amounting to $273.65, and applied the amount so collected upon the rent in ques-

tion.   Hansen thereupon brought this action.   The defendant below (plaintiff in error) answered that Hansen was indebted to the bank for rent, and that it had collected said sum and applied the same upon said debt.   It also pleads the same as a set-off.   On the trial of the cause the jury returned a verdict in favor of the defendant in error.

Two questions are presented by the record, viz.: First, Was the lease from Gamble to the defendant in error surrendered to the bank at or about the time Hansen sold his stock of goods? and second, Could the bank apply the proceeds of a note left with it as collateral upon a specific matter and apply it upon a distinct and independent claim not connected with the business of the bank?

In *Wheeler v. Walden*, 17 Neb., 122, it was held that a surrender of a lease by operation of law may be effected by any agreement between the parties that the term shall be terminated which is unequivocally acted upon by both. It has been held that an actual and continued change of possession by the mutual consent of the parties is a surrender by operation of law, whether the possession is delivered to the landlord himself, or to another for him. (*Hall v. Burgess*, 8 D. & R. [Eng.], 67; *Reeve v. Bird*, 1 C. M. & R. [Eng.], 31; 4 Wait's Act. & Def., 212.) So the acceptance of possession by the landlord and accepting an under tenant or an assignee as his tenant, followed by an actual possession by the latter, will operate as a surrender. (*Clemmens v. Bloomfield*, 19 Mo., 118; *Shepard v. Spaulding*, 4 Metc. [Mass.], 416; *Schieffelin v. Carpenter*, 15 Wend. [N. Y.], 400; *Grimman v. Legge*, 8 Barn. & Cress. [Eng.], 324; *Witman v. Wotry*, 13 Wis., 638; 4 Wait's Act. & Def., 213.) The case of *Schieffelin v. Carpenter* contains an elaborate review of the authorities up to the year 1836, and clearly establishes the rule that a written lease may be surrendered by any agreement between the parties which both have acted upon.

A bank has a general lien on all moneys, funds, and paper securities of a depositor in its possession for the amount of the general balance. (*Ford v. Thornton*, 3 Leigh [Va.], 695; *McDowell v. Bank of Wilmington*, 1 Harr [Del.], 369; *Beckwith v. Union Bank*, 4 Sandf. [N. Y.], 604; *Commercial Bank v. Hughes*, 17 Wend. [N. Y.], 94; *Marsh v. Oneida Bank*, 34 Barb. [N. Y.], 298; *State Bank v. Armstrong*, 4 Dev. [N. Car.], 519; *Bank of U. S. v. Macalester*, 9 Pa. St., 475; *National Bank v. Insurance Co.*, 104 U. S., 55; *Scott v. Franklin*, 15 East, 428; *Bank of Metropolis v. New England Bank*, 1 How. [U. S.], 234; 2 Am. & Eng. Encyc. of Law, 97.) In some of the states this rule does not extend to deposits of money. (*Fourth Natl. Bank v. City Natl. Bank*, 68 Ill., 398; *Gordon v. Müchler*, 14 Reporter [La.], 520; *Morgan v. Lathrop*, 12 La. Ann., 257; 2 Am. & Eng. Encyc. of Law, 98.) In the case at bar the bank claimed the right to apply money collected by it upon securities of the defendant in error to the payment of the rent for the room in question—a matter entirely disconnected with banking. It is very clear that had it converted the securities to its own use it would have been liable for the same, and it could not, without the consent of the owner, apply the proceeds to the payment of the claim. It is apparent that there is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.