JAMES H. PERKINS ET AL. V. CHARLES TILTON.

FILED JANUARY 19, 1898. No. 7742.

1. Rulings on Evidence: REVIEW: OFFER OF PROOF. An offer to prove, to lay the foundation for the proper presentment of error in the exclusion of proposed testimony as answer to a question to which an objection is sustained, must be of matter which would have been admitted as relevant, responsive, and pertinent in answer to the rejected interrogatory.

2. Exchange of Realty: JOINDER OF PARTIES: REVIEW. Error assigned of the giving of an instruction examined and the action of the trial court approved.

3. ———: ———. Held, That the plaintiffs in error were properly joined as defendants in the action.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J.  *Affirmed.*

*W. S. Morlan,* for plaintiffs in error.

*J. W. Cole, contra.*

HARRISON, C. J.

On October 5, 1891, the defendant in error was the owner of a tract of land in the state of Illinois, and James H. Perkins, of plaintiffs in error, was the owner of the northwest quarter of a section of land situate in Hitchcock county, this state, and his wife, Ann Perkins, owned five quarter-sections of adjoining land.  The whole tract of six quarter-sections constituted one farm. On the date stated a contract was entered into between the parties for the exchange of the two tracts of land. The negotiations for the trade and the contract with which they closed were between James H. Perkins and the defendant in error, Ann Perkins not then actively or personally appearing in the transaction or in any manner participating except as she may have been represented by her husband, and we must conclude that she was so represented, for she claimed, and in this suit claims, the benefits and rights conferred by the transaction.  After the consummation of the exchange the defendant in error instituted this action to recover the value of certain improvements which he asserted plaintiffs in error wrongfully removed from the farm in Nebraska; an amount of taxes due on said farm which he alleges plaintiffs in error agreed to, but failed to pay; also a sum which he claimed his due by reason of a shortage in the number of acres of land contracted to be conveyed and the number of acres actually transferred to him.  The contract of the parties appears to have been evidenced by a written instrument, but this had been lost, destroyed, or could not be produced.  A trial of the issues resulted favorably to the defendant in error,

and the cause is presented here for review in error proceeding on behalf of James H. Perkins and Ann Perkins.

There are but three assignments of error noticed in argument, the first of which relates to the trial court's action in excluding testimony. During the examination of James H. Perkins he was interrogated at some length in relation to a trip which he had made with defendant in error from Nebraska to the land in Illinois and what he did and saw while in Illinois, and in this connection was further questioned, with the results as follows:

Q. What, if any, acquaintance did you have with this man before you went there?

A. Not any.

Q. What acquaintance had you with that part of the country?

A. None at all.

Q. When you got there what kind of weather was it?

A. Dry.

Q. What, if any, did Mr. Tilton represent to you as to quality and value of the land?

To the question last quoted an objection was interposed, which was sustained. There was then for the plaintiffs in error an offer to prove, which of type-written matter occupies some two and one-half pages of the paper ordinarily used, and which, in substance, embodied an offer to prove, that of date December 17, 1891, and between defendant in error and Ann Perkins, there was a modification, verbally, of the contract for the exchange of the land; also certain statements then made by defendant in error to Ann Perkins in regard especially to the value of the land in Illinois which she claims were false, but were guarantied by him to be true; and further, of certain representations in relation to the quality and value of said land made to James H. Perkins and by him conveyed to Ann Perkins which were false; and further, that the whole of these matters were relied upon by Ann Perkins and she was thereby induced to make

the exchange of lands. It was of the evidence that the contract provided that James H. Perkins should go to Illinois and see the land there, and if after an examination he was satisfied with it, the trade should be concluded. Whether this was of the contract or not, Perkins did, almost immediately after it was made, October 5, 1891, go in company with defendant in error to the land in Illinois and examined it, returned therefrom to his home, and the trade was afterward completed. This examination was for himself and his wife, the parties concerned. With this fact in view and an application of the rules of law which would govern and settle the question of the relative positions and rights of the parties, there was little, if any, of the offer to prove which could have been admitted in answer to the question propounded as either responsive or in any degree material or relevant. This being true, the offer of proof was as if none had been made and the record of the action of the court in not allowing the question to be answered presents no noticeable error. (*Dunphy v. Bartenbach*, 40 Neb. 143.)

Another assignment of error which is urged in argument is in relation to the third instruction requested for defendant in error and given. The record is not in a very satisfactory condition wherein it refers to the instructions. Under the heading of "Instructions asked by plaintiff" (defendant in error) there are three paragraphs numbered, presumably, by the person who prepared the copy of the record for this court as follows: 1st, 3rd, 5th. These designations were evidently made with the typewriter. The one designated "3rd" has also with a lead pencil been marked "2," and the one numbered "5th" has been marked with lead pencil "3." We are not certain as to which marking we should accept as the true one, but without stopping to decide this matter, accepting the conclusion which we must that this was a contract for the benefit of plaintiffs in error jointly and by which they were jointly bound to defendant in

error, it is not material which of the numbered instructions we consider as the "3rd" and its giving assigned for error, for, in this view of the contract and the relations in which by its terms the parties were placed, either paragraph was properly given.

What we have just said in regard to the contract also disposes of the third branch of the argument, which is a contention that the plaintiffs in error were not jointly or equally bound by the contract, but only to the extent it involved the land belonging to each or any matters or things pertaining thereto, and that they were improperly joined in this action.    The land of the plaintiffs in error was all contracted to be exchanged as one piece for the benefit of the two parties and on the same terms as to both and such terms equally binding on each and both. It follows that the judgment of the district court will be

AFFIRMED.