## CITY OF O'NEILL V. ADDIE M. CLARK.

FILED FEBRUARY 9, 1899.  No. 8651.

1. **Witnesses:** OATH. If an irregularity in the manner of administering an oath to a witness be known at the time, objection must then be made, or it will be waived.

2. **Arbitration and Award:** SEPARATE FINDINGS. Under the statute relating to arbitrations, the arbitrators must in their award state separately their findings of fact and conclusions of law; but this requirement is met if the finding be as certain as is required of the verdict of a jury.

3. ———: ———. A single cause of action having been submitted to arbitration, an award whereby the arbitrators "find for the p'aintiff, assess her damages" at a sum named, and "award" her that sum is a sufficient separate finding of facts and of law.

4. ———: AWARD BY TWO OF THREE VALID. A submission to arbitration provided for three arbitrators, that the award might be made by any two, and if so made would be binding. It also provided that the award should be in writing, signed by the three arbitrators named. *Held*, That the last provision should not be so construed as to nullify that for an award by two, but that it meant that the award must be signed by those of the arbitrators concurring therein.

ERROR from the district court for Holt county. Tried below before WESTOVER, J. *Reversed.*

*Thomas Carlon*, for plaintiff in error.

References: *Hall v. Vanier*, 6 Neb. 86; *Murry v. Mills*, 1 Neb. 456; *Graves v. Scoville*, 17 Neb. 593; *Westover v. Armstrong*, 24 Neb. 393.

*M. F. Harrington* and *J. J. Harrington, contra.*

IRVINE, C.

The parties to this proceeding entered into the following agreement:

"Whereas, a controversy is now pending, between Mrs. Addie M. Clark, of O'Neill, Nebraska, and the city of of O'Neill, Nebraska, in relation to whether the said Mrs. Addie M. Clark was injured on the night of May 17, 1896, while walking on Benton street, in said city, on account of a defect in said street, and if injured, to what extent, and as to whether, if an injury was sustained, the said city was and is liable therefor, and if liable, to what amount, and as to whether the said Mrs. Addie M. Clark, at the time she received the complained

of and alleged injuries, was guilty of contributory negligence:

"Now, therefore, we, the undersigned, Mrs. Addie M. Clark and the city of O'Neill, do hereby submit said controversy to the arbitration of E. T. George, M. D. Long, and A. T. Potter, of Holt county, Nebraska, or any two of them, and we do mutually covenant and agree, to and with each other, that the award to be made by the said arbitrators, or any two of them, shall be in all things by us, and each of us, well and faithfully kept and preserved; provided, however, that the said award be made in writing under the hands of said E. T. George, M. D. Long, and A. T. Potter.

"And it is further agreed that the award of said arbitrators shall be made in writing, and so made by the 20th day of July, 1896, and reported and delivered to the district court in and for said county of Holt, and that thereupon judgment shall be rendered by said court in accordance with the terms and conditions of said award and pursuant to the statute in such cases made an' provided."

This was signed by Mrs. Clark on one side and by the mayor and city council on the other, and duly acknowledged before a justice of the peace. Pursuant thereto the award was filed in the office of the clerk of the district court of Holt county, as follows:

"We, M. D. Long, E. T. George, and A. T. Potter, to whom was submitted, as arbitrators, the matters, in controversy existing between Addie M. Clark, of Holt county, Nebraska, and the city of O'Neill, in said county and state, as by their submission in writing and bearing date the 13th day of July, 1896, more fully appears: Now, therefore, we, the said arbitrators mentioned in the said submission, having been first duly sworn according to law, and having heard the proofs and allegations of the parties and examined matters in controversy submitted by them, do make this award in writing, that is to say;

"We find for plaintiff and assess the amount of her recovery at the sum of $200, which sum we do award to said plaintiff, and we also award that each party pay the cost of its suit and reference.

"Given under our hands this 20th day of July, 1896.

"M. D. Long,

"A. T. Potter,

"Arbitrators."

The city then moved for the entry of judgment upon the award. This was resisted by Mrs. Clark, the motion was overruled, a motion to recommit was overruled, and the award was set aside. The city brings the case here by petition in error.

It will be seen that the attempt was to arbitrate a claim for personal injuries and procure the entry of judgment on the award in accordance with the provisions of title 28 of the Code of Civil Procedure. The defendant in error has not favored us with a brief, and our only means of ascertaining why the district court rejected the award is from the objections filed to its confirmation. These we take up in order:

The first is because a justice of the peace "sat at said trial and swore all the witnesses that testified." We presume that this objection is founded on section 867 of the Code of Civil Procedure, whereby "All the rules prescribed by law in cases of reference are applicable to arbitrators, except as herein otherwise expressed or except as otherwise agreed upon by the parties." Section 300 of the Code prescribes how hearings before referees shall be conducted, and has been held applicable, by virtue of the provision first quoted, to arbitrations. (*Murry v. Mills*, 1 Neb. 459; *Graves v. Scoville*, 17 Neb. 598; *Westover v. Armstrong*, 24 Neb. 393; *Burkland v. Johnson*, 50 Neb. 858.) This section, among other things, gives to referees the power to administer oaths to witnesses, and we assume that the witnesses should, therefore, have been sworn by the arbitrators themselves. But the objection and the proof are both to the effect that the jus-

tice of the peace named swore all the witnesses. It is not shown that the fact was unknown to the complaining party at the time, and, in spite of one or two isolated cases to the contrary, we are of the opinion that the irregular administration of the oath to a witness, or the taking of testimony without an oath at all, must, if known to the adverse party, be objected to at the time. He may not, with knowledge of the irregularity, permit the trial to proceed and raise the question after verdict. (*Cady v. Norton*, 14 Pick. [Mass.] 236; *Slauter v. Whitelock*, 12 Ind. 338; *Nesbitt v. Dallam*, 7 G. & J. [Md.] 494; *Lawrence v. Houghton*, 5 Johns. [N. Y.] 128.)

The next objection is that the arbitrators did not in their award find the facts or separately state their findings of fact and conclusions of law. This has been held necessary in the cases first cited; but in *Sides v. Brendlinger*, 14 Neb. 491, it was held that the finding of fact is sufficient if it be as certain as is required of the verdict of a jury or the finding of a court. This was not a case where a number of different causes of action were submitted to arbitration. A single matter in dispute was submitted, to-wit, the liability of the city to Mrs. Clark for personal injuries claimed to have been sustained by her. This was informally, but with reasonable certainty, stated in the submission. The award is, "We find for plaintiff and assess the amount of her recovery at the sum of $200," which, it will be observed, is in the form of a verdict in such a case, and so meets the requirement as to the finding of fact in *Sides v. Brendlinger*. It then proceeds, "which sum we do award to said plaintiff." This was a separate statement of the conclusion of law.

Finally, it was objected that E. T. George, one of the arbitrators, did not sign the award. By recurrence to the submission it will be found that the parties agreed to submit the controversy to George, Long, and Potter, "or any two of them," and further that the award made by "said arbitrators, or any two of them, shall be in all things by us, and each of us, well and faithfully kept and pre-

served." This is a very distinct agreement to submit and abide by the award of any two of the three arbitrators named. And by section 862 of the Code controversies may be submitted to the decision of one or more arbitrators. The proviso, "that the said award be made in writing under the hands of said E. T. George, M. D. Long, and A. T. Potter," cannot be regarded as nullifying the two prior express provisions that two may make the award. It merely meant that the award must be in writing and signed by the arbitrators, or a sufficient number of them, to comply with the agreement. The record discloses no reason why the award should not have been enforced.

REVERSED AND REMANDED.