HARLEY H. FETTY v. STATE OF NEBRASKA.

FILED APRIL 18, 1930. No. 27249.

*J. E. Willits,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and DAY, JJ., and LIGHTNER, District Judge.

DAY, J.

Plaintiff in error, hereinafter designated defendant, was convicted of an intent to extort money by means of written communications threatening the life of Ralph E. Hunter. This is the second appearance of this case in this court. Former opinion reported in 118 Neb. 169.

It appears that, after the trial had proceeded for an entire day, the jury had been impaneled and sworn and the opening statements of counsel had been completed and seven witnesses had testified on behalf of the state, the court adjourned until the following day. It further appears that, during this interval and while the jury were separated, one of the jurors was arrested for drunkenness during the evening and was in jail pending trial on said charge the next morning at the time designated for the resumption of the trial. Before proceeding with the trial, the court held an investigation of the situation of this juror, to which investigation of the juror defendant made no objection at the time. The defendant now objects to the pro-

ceedings for that the witnesses were not sworn. The record reveals that the sheriff testified as to the whole circumstances relative to the juror's disqualification, and that he had previously been sworn as a witness in the case. The testimony of the other witnesses with respect to the matter upon inquiry was merely cumulative. The defendant, having made no objection at the time as to the method of taking the testimony, cannot now complain. *City of O'Neill v. Clark,* 57 Neb. 760. The defendant complains now, although again he did not complain at the time of the trial, that the evidence relative to the disqualification of the juror who was discharged was not sufficient to sustain the action of the trial judge in removing him from the jury. Section 10151, Comp. St. 1922, provides, in so far as applicable to this case: "In case a jury shall be discharged on account of sickness of a juror, or other accident or calamity requiring their discharge, * * * the court shall, upon directing the discharge, order that the reasons for such discharge shall be entered upon the journal; and such discharge shall be without prejudice." Where, as in this case, there is evidence in the record, uncontradicted, that a juror, during a recess of the court, was found wandering about the streets of the city wherein the court was sitting, in a drunken and irresponsible condition, and where he was arrested in such condition by the sheriff of the county upon a warrant issued upon a complaint charging drunkenness, and was in jail at the hour for the resumption of the trial, it is the duty of the trial court to determine whether the juror's condition is such as to require the discharge of the jury. In the determination of this question, the trial court may also consider the appearance and condition of the said juror at the time of the hearing on his qualifications, as well as the evidence adduced therewith. If the juror is unable or unfit to proceed with the trial in the judgment of the trial court, after hearing the evidence and an examination of said juror, on account of his drunkenness, such drunkenness is an accident or calamity as contemplated by section 10151, Comp. St. 1922, requiring the discharge of

the jury. The court discharged the juror, which also required the discharge of the entire jury. As a jury and a legal entity, it ceased to exist. *Davis v. State,* 51 Neb. 301; *Quinton v. State,* 112 Neb. 684; *Salistean v. State,* 115 Neb. 838.

The defendant contends that since the trial court did not find the juror sick, or that an accident or calamity had occurred, or that there had been a failure of the jury to agree, the act of the court was, in law, an acquittal, and that he was placed in jeopardy. In *Quinton v. State, supra,* this court, in an opinion by Mr. Justice Thompson, discussed this question in the following language, which is applicable to this case: "From such a contention, reason and justice revolt. While the words 'accident' and 'calamity' are usually used in a physical sense, we hold that they include as well a case where a biased juror is discovered during the progress of the trial, as in this case. The object of the statute is to insure a fair trial to all litigants. We held in *Davis v. State,* 51 Neb. 301, that the insanity of a juror authorizes the discharge of the jury, being an 'accident or calamity.' And in *Sutter v. State,* 105 Neb. 144, we held that the discharge of the jury because of failure to agree is not an acquittal.

"The right, in the absence of statute, to exclude a juror and discharge the jury in a proper case, without prejudice to a future trial of the case on its merits, is and of necessity must be inherent in the court, within its sound discretion. This is necessary to the protection of the state, as well as for the protection of the defendant. To deny it to either would be a flagrant abuse of the discretion imposed. *Simmons v. United States,* 142 U. S. 148; *State v. Vaughan,* 23 Nev. 103; *State v. Wiseman,* 68 N. Car. 203; *State v. Washington,* 89 N. Car. 535; *State v. Diskin,* 34 La. Ann. 919; *King v. Ketteridge,* 1 L. R. K. B. Div. (Eng. 1915) 467.

"Thus, we conclude that the court, in considering the juror disqualified, in discharging the jury, and in sustaining the demurrer to the plea in bar, was clearly within the

law, and that its acts and doings, as shown by the record, did not place defendant twice in jeopardy. *State v. Hansford,* 76 Kan. 678; *State v. Allen,* 46 Conn. 531; *People v. Sharp,* 163 Mich. 79; *Gardes v. United States,* 87 Fed. 172."

The other assignment of error urged by the defendant is the method by which the trial court proceeded to select a jury, after the discharge of the disqualified juror. The court proceeded to have men called for examination for the purpose of selecting a juror to take his place. In order to supply the missing man, the court required the clerk to draw from the remaining jurors of the panel, and they were examined for cause. When the regular panel was exhausted, talesmen were called by the sheriff. On the former proceedings the state used one peremptory challenge and waived one, the defendant used two and waived one. The state, therefore, had four remaining and the defendant had three. The court permitted the peremptory challenge to go to any man then in the box, including the eleven who had formerly been examined. In addition, the defendant was allowed another peremptory challenge to take the place of the one waived the day before, upon his complaint that he had not waived as to the men then in the box. The serious objection to this procedure is that the defendant was required to exercise two of his peremptory challenges before the jury-box was filled. "The rule is that peremptory challenges are not to be exercised until the jurors have been passed for cause and twelve persons are in the jury-box having the qualifications of jurors." *Mathes v. State,* 107 Neb. 212. The exercise of peremptory challenges relative to the present case is governed by section 10133, Comp. St. 1922. In *Mathes v. State, supra,* Mr. Justice Dean said: "The rule that is applicable here, and to which we adhere, was announced in *Rutherford v. State,* 32 Neb. 714. In that case, in an opinion by Maxwell, J., it was held that peremptory challenges are not to be exercised until the jurors have been passed for cause and twelve men are in the box. To hold otherwise is there said to be an undue exercise of power prejudicial to the accused." In fact, by

the unique procedure, the defendant was deprived of two peremptory challenges allotted to him by statute, when he was charged with two challenges, exercised when a former jury was impaneled. He was thus denied two peremptory challenges in the impaneling of the jury before whom the case was tried. This was prejudicial to the defendant. In this case, eleven men were placed in the jury-box by the trial court and the defendant was denied the right to examine them for cause. When the court found the one juror disqualified, such a finding required the discharge of the jury, and the jury, as such, no longer existed and was not constituted by the eleven remaining men. These men resumed their status as members of the jury panel. They no longer retained their status as members of the jury impaneled in this case, but were subject to call on any case pending before the court, including the case at bar. The right to examine a juror for cause is a substantial right to which the defendant is entitled and he cannot be deprived of said right, which continues until the jury is finally impaneled for the trial. A denial of said right of examination for cause is prejudicial error. In this case it was prejudicial error for the trial court to deny the defendant the right to examine and challenge for cause all the jurors called.

It is urged by the state that the judgment of the trial court in this case ought to be affirmed under the provisions of section 10186, Comp. St. 1922, and *Baker v. State,* 109 Neb. 558, is cited, wherein it is said, "It is the duty of this court, in every case where error is shown, to determine the question of prejudice before reversing the judgment." We are of the opinion that the rule is not applicable to this case. The state would have us apply it to this case by having this court determine from the record that the defendant was guilty, and that therefore defendant has not been prejudiced because no other verdict could have been returned. The guilt or innocence of the defendant is not to be determined *de novo* in this court, but is one for a jury, drawn, summoned, and impaneled as provided by law. Since we have already determined that the errors occurring at the

trial, as before related, were prejudicial, the rule in the foregoing statute is therefore not applicable to this case. The statutes and the decisions of this court definitely set out the course to be pursued by the trial court, when confronted by such an emergency as arose in this case, and we cannot approve a radical departure therefrom.

Other questions are discussed in the briefs; but, since the case must be retried, and the alleged errors are unlikely to occur on said trial, we do not deem it necessary or useful to discuss them here.

REVERSED AND REMANDED.