ROBERT L. BUFFORD, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

26 N. W. 2d 383

Filed February 28, 1947.     No. 32155.

*John E. Willits,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *C. S. Beck,*
for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, and WENKE, JJ., and ANKENY,
District Judge.

WENKE, J.

By information filed in the district court for Adams
County, Robert L. Bufford was charged with the crime
of manslaughter and, also, with unlawfully assaulting
Alfred T. Anderson with intent to inflict great bodily
injury.  These charges arose out of the death of Alfred
T. Anderson on or about December 29, 1945.

A jury found the defendant guilty of unlawfully
assaulting Alfred T. Anderson with intent to inflict
great bodily injury.

His motion for new trial having been overruled and a
sentence imposed that he serve a term of not less than

18 nor more than 36 months at hard labor in the state penitentiary, the defendant, by petition in error, brings the record of his conviction here for review.

For convenience the plaintiff in error will be referred to as the defendant.

Defendant assigns the following as error: First, the trial court's overruling of his challenge for cause of Pearl Sarver, a prospective juror, whose voir dire examination shows she served as a juror in the case of Skelton v. State, *ante* p. 30, 26 N. W. 2d 378; second its ruling in permitting inmates of the Hastings State Hospital to become witnesses and testify; and third, its denial of his application for a parole as provided by statute.

We have determined the questions raised by defendant's second and third assignments of error in the case of Skelton v. State, *supra,* contrary to his contention. No useful purpose would be served by repeating our holdings in this opinion.

In considering the first assignment of error it should be stated that the prosecutions of both Skelton and Bufford arise out of the same incident. This occurred in ward 30 of the Hastings State Hospital in the early morning of December 29, 1945, and resulted in the death of Alfred T. Anderson an inmate thereof. The witnesses and their testimony will naturally be almost the same.

The voir dire examination of Pearl Sarver, when called to serve as a juror, shows that she sat as a juror in the case of Skelton v. State, *supra,* wherein Luther Skelton was found guilty of unlawfully assaulting Alfred T. Anderson with intent to inflict great bodily injury. This is the same offense for which the defendant here has been convicted.

It is apparent that the same jury panel was used in both cases. While some of those who sat in the case of Skelton v. State, *supra,* were disqualified because they testified they had formed an opinion of the guilt or innocence of the defendant by reason thereof, how-

ever, six of such jurors on their voir dire examination said they had formed no opinion and knew of no reason why they could not serve as jurors in this case. The defendant challenged only the first of these, Pearl Sarver, because of her previous service. His challenge for cause was denied. Thereafter he did not challenge the other five for that or any other reason. They are R. H. Eigenberg, Pearl Turner, Iva Adcock, Reta Adams, and Ruth Stromer. It appears that R. H. Eigenberg signed the verdict in this case as foreman. Who the other members of the jury were is not shown by the record. It is apparent that after 24 prospective jurors had been passed for cause both the state and the defendant exercised all of their peremptory challenges leaving the remaining 12 to be sworn as jurors to try the defendant. Whether or not the juror Pearl Sarver was peremptorily challenged by either the state or the defendant and whether or not she served on the jury are not shown by the record. So far as the record shows all of the 12 jurors who were finally sworn to try the cause were not objected to by the defendant and were wholly and entirely acceptable to him.

It is provided by section 11, art. I, of the Constitution that anyone charged with a crime is entitled to "a speedy public trial by an impartial jury."

In Seaton v. State, 106 Neb. 833, 184 N. W. 890, we held: "Where two or more persons are jointly indicted or informed against for the commission of a single offense and sever in their trials, jurors who sat in the trial of one are thereby disqualified to sit in the trial of another." We think the same rule is applicable where two or more persons are separately indicted or informed against for the commission of an offense arising out of the same incident so that the same witnesses and testimony will necessarily be used against each.

As stated in Seaton v. State, supra:

"'* * * where a juror has participated in a verdict of guilty against another person charged with the same

offense, growing out of the same transaction, and necessarily to some extent depending upon the same evidence, he has, in some degree at least, prejudged the defendant. See *Jacobs v. State*, 1 Ga. App. 519, wherein this court said: "It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof." Unless the jury be absolutely impartial, the jury system becomes an "awkward instrument of justice," and the constitutional guaranty that "every person charged with an offense against the laws of this state * * * shall have a public and speedy trial by an impartial jury" * * * is worthless.' (See McKay v. State, 6 Ga. App. 527.)

"This rule is recognized in 17 Standard Ency. of Procedure, 347: 'A juror,' it is said, 'is incompetent where he has sat on a jury that tried another jointly indicted defendant, even though he says he has formed no opinion and can try defendant impartially.'" See, also, Obenchain v. State, 35 Tex. Cr. 490, 34 S. W. 278; People v. Mol, 137 Mich. 692, 100 N. W. 913, 68 L. R. A. 871, 4 Ann. Cas. 960.

Therefore, all of the jurors who had served in the Skelton case were disqualified to serve in this case. If they had been challenged for cause such challenge should have been sustained. However, the record shows such challenge was made solely as to the prospective juror Pearl Sarver. As stated in 35 C. J., Juries, § 404½, p. 364: "As a general rule an objection to a juror which is a good cause of challenge must be made in time or will be considered as waived. It is well settled that a failure to challenge or object operates as a conclusive waiver if the ground of objection is known to the party at the time the jury is impaneled, or is discovered during the progress of the trial, * * * ." "The right to challenge a juror for disqualification is a right which may be waived even in a capital case." 31 Am. Jur., Jury, § 117, p. 645.

Does the fact that the trial court erroneously ruled on

the challenge for cause of the prospective juror Pearl Sarver automatically create prejudicial error that will entitle the defendant to a reversal and a new trial? The record does not affirmatively show that she either served as a juror or that the defendant removed her by peremptory challenge.

"A peremptory challenge is one which may be exercised by the accused upon his own volition, and for which he need not give any reason and which is not subject to the control of the court." Thurman v. State, 27 Neb. 628, 43 N. W. 404. In Fetty v. State, 119 Neb. 619, 230 N. W. 440, in quoting from Mathes v. State, 107 Neb. 212, 185 N. W. 425, the court went on to say that: "' * * * peremptory challenges are not to be exercised until the jurors have been passed for cause and twelve men are in the jury-box.'"

It is the defendant's thought that since he exhausted all of his peremptory challenges and therefore had not waived his constitutional and statutory rights that any erroneous overruling of a challenge for cause of a prospective juror is ipso facto prejudicial error.

We held in Thurman v. State, *supra*: "* * * that the juror was incompetent and that the decision of the district court in overruling a challenge to him for cause was prejudicial error. * * * also, that the fact that the juror was peremptorily challenged by plaintiff in error, did not cure the error and that he was entitled to a new trial." Therein the court quoted from Curry v. State, 4 Neb. 545, as follows: "But he was retained against the challenge of the accused, who was compelled to resort to one of his peremptory challenges for his removal. In this there was error to the prejudice of the prisoner."

The true object of challenges, either peremptory or for cause, is to enable the parties to avoid disqualified persons and secure an impartial jury. When that end is accomplished there can be no just ground for complaint against the rulings of the court as to the compe-

tency of the jurors. With this thought in mind we shall reexamine our former holdings.

In People v. Rambaud, 78 Cal. App. 685, 248 P. 954, the court in discussing the question said: "While some of the earlier cases announce the rule that a disallowed challenge for cause will be considered upon appeal, under the circumstances here presented (which is the same as the situation at bar), all the later decisions and the ones which announce the correct rule, hold against the appellant's contention. In 8 Cal. Jur., page 610, we find the following: 'The rule, as laid down in the later cases, is that an erroneous disallowance of a challenge for cause is not prejudicial, even though the defendant finally exhausted his peremptory challenges, if it does not appear that he had occasion to or desired to use an additional peremptory challenge, or that the jurors finally accepted were not entirely satisfactory to him. In the earlier cases there is authority to the contrary. To warrant a reversal it must appear that an objectionable juror was forced upon the defendant and that he in some appropriate manner expressed his dissatisfaction with the jury as completed.'" The court went on to say: " * * * the important thing to be considered is whether the objectionable juror was forced upon the defendant and whether he had that to which he was entitled, a fair and impartial jury and not a jury composed of any particular individuals."

As stated in 1 Hyatt on Trials, § 565a, p. 601: "In practically all jurisdictions, if the record on appeal does not affirmatively show prejudice the appellate court will not presume it." See, also, 1 Thompson on Trials, 2d ed., § 120, p. 148.

As stated in State v. Costales, 37 N. M. 115, 19 P. 2d 189: "' * * * the better rule is that an erroneous overruling of a challenge for cause, even though the peremptory challenges are thereafter exhausted, will not warrant a reversal of the judgment unless it is further shown upon appeal that an objectionable juror was

forced upon the challenging party and sat upon the jury after such party had exhausted his peremptory challenges.' " See Colbert v. Journal Publishing Co., 19 N. M. 156, 142 P. 146.

As Stated in Bohanan v. State, 15 Neb. 209, 18 N. W. 129: "The challenge of this juror for cause ought to have been sustained, but as he did not sit in the case, having been excused or challenged peremptorily, and it not being shown that to exclude him the prisoner was compelled to exhaust his right of challenge, the overruling of it caused no injury."

As stated in 31 Am. Jur., Jury, § 116, p. 644: "According to the great weight of authority, the erroneous allowance of a challenge for cause is no ground of complaint where a competent and unbiased jury is finally selected."

We have come to the conclusion that our former holdings in Thurman v. State, *supra,* and Curry v. State, *supra,* are too narrow and technical in their application. In order to accomplish the purpose for which intended the rule therein announced may often cause unnecessary reversals when the defendant has actually been tried by a fair and impartial jury and one to which he had made no objection. We think the rule herein discussed, which appears to be the majority rule, is much more effective to accomplish the purpose for which it is intended. This rule is stated in Johnson v. State, 108 Tex. Cr. 499, 1 S. W. 2d 896, as follows: " * * * where the court erroneously fails to sustain the proper challenge of a juror for cause a reversal will not result unless it is made to appear that the error brought injury to the accused." See, also, State v. Tippett, 317 Mo. 319, 296 S. W. 132; Conley v. Commonwealth, 225 Ky. 275, 8 S. W. 2d 415; Carthaus v. State, 78 Wis. 560, 47 N. W. 629; State v. Raymond, 11 Nev. 98; Spies v. People, 122 Ill. 1, 12 N. E. 865; Johns v. State, 55 Md. 350. Insofar as the holdings in Thurman v. State, *supra,* and Curry v. State, *supra,* are in conflict herewith the same are modified.

While the court erred in overruling the defendant's challenge for cause of the prospective juror Pearl Sarver, the record does not show that she served as a juror nor that the defendant employed any of his peremptory challenges to exclude her therefrom. From all that appears in the record the defendant made no objection to the 12 jurors who actually tried him. The record does not disclose the defendant was injured thereby.

The record discloses that the defendant had a fair and impartial trial; that the evidence fully sustains his conviction; and that the sentence is not excessive. For the reasons herein stated the verdict of the jury and the sentence of the court should be and are affirmed.

AFFIRMED.

YEAGER, J., dissenting.

I feel that I must dissent from the majority opinion. It appears to me that the majority opinion on its face discloses a failure to recognize rights which have been recognized as fundamental under common law, under constitutional processes, under the statutory law of this land, and under unbroken legal interpretation in all common-law jurisdictions ever since the abandonment of the practice of trial of those charged with crime by a jury composed of men from the vicinity who had a familiarity with the facts of the case.

I do not need to point to authority for the statement that every one charged with a crime is constitutionally entitled to a trial by jury. I do not need to point to authority to say that the trial must be fair. And no more do I need to point to authority to say that in legal and constitutional contemplation it cannot be said that there was a fair trial unless the trial was had to a jury composed of jurors qualified to serve.

These propositions are not mere concepts but are bulwarks of our judicial system and of democratic processes and may never properly be lightly regarded or cast aside. It appears to me that they have been cast aside by the majority opinion in this case.

In this case, as pointed out in the majority opinion, Pearl Sarver was called as a prospective juror and on her voir dire examination she disclosed that she had been a juror in the case of Skelton v. State, *ante* p. 30, 26 N. W. 2d 378, and that in that case she had joined in a verdict of guilty. In that case Skelton was charged and tried for complicity in the crime for which Bufford was tried in this case. The defendant herein challenged her right to serve as a juror in this case on account of disqualification brought about by service as a juror in that case. The challenge was overruled by the trial court. Whether she served in this case or was removed by a peremptory challenge we do not know. On this question the record is silent. Five other prospective jurors who had served as jurors in Skelton v. State, *supra,* were called but the objection made to Pearl Sarver was not made as to them. One of the five is known to have served. This one was R. H. Eigenberg. He was the foreman and signed the verdict.

The majority opinion points out unequivocally that these six were disqualified to serve as jurors in this case.

It appears to be the opinion of the majority that since it is not made to appear that Pearl Sarver did serve the overruling of the challenge to her is not available here, and that since there was no challenge to Eigenberg his disqualification must be considered as having been waived.

To my mind this is both technical and fallacious. It is technical in that it is an exaction of a known futility. After the defendant had challenged one prospective juror and had a negative response at the hands of the court what basis except a technical one could there be for further challenge to other prospective jurors on the same ground? We no longer adhere to the rule requiring repeated objection to evidence of the same kind. Should we be more technical when lives and liberties are involved than in the determination of personal or property rights? I don't think so.

The decisions of courts ought to respond to reason except only where constitutionally or legislatively inhibited. There is no constitutional or legislative inhibition here. It is known that a disqualified juror sat in this case. It is known that one with like disqualification was challenged and the challenge was overruled. In this light can it reasonably be said that this defendant had a trial to an impartial jury? I submit that it cannot be so said.

To support my contention I set forth here something which was quoted with approval in the majority opinion from Seaton v. State, 106 Neb. 833, 184 N. W. 890:

"' * * * where a juror has participated in a verdict of guilty against another person charged with the same offense, growing out of the same transaction, and necessarily to some extent depending upon the same evidence, he has, in some degree at least, prejudged the defendant. See Jacobs v. State, 1 Ga. App. 519, wherein this court said: "It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof." Unless the jury be absolutely impartial, the jury system becomes an "awkward instrument of justice," and the constitutional guaranty that "every person charged with an offense against the laws of this state * * * shall have a public and speedy trial by an impartial jury" * * * is worthless.' " See McKay v. State, 6 Ga. App. 527.

I fail to see how this court can say that unless the jury be absolutely impartial, the jury system becomes an awkward instrument of justice, and the constitutional guaranty that every person charged with an offense against the laws of this state shall have a public and speedy trial by an impartial jury is worthless, and at the same time say that the defendant's rights were properly safeguarded in this case.

And again, upon whom does the duty devolve to protect the rights of defendants in criminal cases? For the

answer to this question we need not look beyond the case of Seaton v. State, *supra*, and the quotation from it contained in the majority opinion and in this dissent. There it was said by quotation from Jacobs v. State, 1 Ga. App. 519: "It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof." It was the duty of the trial court under the clear circumstances of this case and under this authority to see to it that this defendant had a trial to a fair and impartial jury, and no amount of discussion of waiver or failure to further object by counsel for defendant can wipe out the failure of the trial court to accord to the defendant his constitutionally guaranteed right to a trial by a fair and impartial jury. And no more may this court be properly blinded to this failure of this guaranty. The conviction should be reversed and the cause remanded for a new trial to an impartial jury.

SIMMONS, C. J., dissenting.

I join in the dissent of YEAGER, J., for the reasons stated by him. I dissent further for a reason relating to the juror Pearl Sarver.

The majority hold: "Where two or more persons are severally indicted or informed against for the commission of an offense arising out of the same incident so that the same witnesses and testimony will necessarily be used against each and separate trials are had then jurors who sat in the trial of one are thereby disqualified to sit in the trial of another." The majority cite with approval the rule that "It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof." I agree with these propositions of law.

The majority hold that all the jurors who served in the Skelton case were disqualified to serve in this case. I

agree. Pearl Sarver served as a juror in the Skelton case. She was challenged for cause and the challenge overruled. The challenge should have been sustained and the trial court erred in overruling it.

The majority then hold that because the record does not affirmatively show that Pearl Sarver either served as a juror or that she was removed by peremptory challenge, the defendant was tried to a fair and impartial jury. I disagree.

The record does not show that the trial court performed its duty to see that the defendant was tried by a jury such that not even a suspicion of leaning or prejudgment attached to it. The record affirmatively shows that at the only point where the trial court was called upon to perform that duty, it refused to perform it.

The last the record shows of Pearl Sarver, she was sitting in the jury box, passed for cause against defendant's challenge. I submit the presumption is that she remained there, and that we should not presume the removal of prejudicial error, nor should we put upon the defendant the burden of showing that the prejudicial error was not removed.

We have held: "A fact, relation or state of things once shown to exist may be presumed to continue as long as such fact, relation or state would naturally continue; * * *." Reitz v. Petersen, 131 Neb. 706, 269 N. W. 811; 20 Am. Jur., Evidence, § 207, p. 205; 31 C. J. S., Evidence, § 124, p. 736. If we are to indulge in presumptions, we should presume that the disqualified juror remained on the jury. The record shows nothing to the contrary.

"The defendant in any criminal case is entitled as a matter of right to require in the first instance a compliance with the provisions of law safeguarding his right to a fair and impartial trial; and, if the provisions of law intended for his security are willfully disregarded, he may require the state to show that he has not been prejudiced by reason of such noncompliance." Roddie v. State, 19 Okl. Cr. 63, 198 P. 342.

To sustain the conclusion that the defendant was tried to a fair and impartial jury, the majority modify two of our decisions and adopt what they state to be the majority rule. I venture the statement that not one of the cases cited and relied upon by the majority is in point on the issue here presented and does not decide it. The cases cited and the instant case are comparable as to circumstances in this respect only—they deal with a situation where a disqualified juror was challenged for cause and the challenge overruled. There the similarity ends. In all the cited cases the disqualified juror is affirmatively shown to have been removed by the surgery of a peremptory challenge and an impartial jury shown to have sat. The question presented and decided in the cited cases was: Did prejudicial error occur when the defendant was required to use a peremptory challenge to remove a disqualified juror? The question here presented is this: Does prejudice exist where the record shows a disqualified juror was passed for cause against a challenge, and the record thereafter is silent as to whether or not that person sat on the jury? I am not prepared to say that our rule, as stated in our cited cases, should be modified. It is my thought that it should not be modified in any event until the issue is here.