MICHAEL DANZE, A MINOR, BY WILLIAM DANZE, HIS FATHER AND NEXT FRIEND, APPELLANT, V. JOHN F. STANGE, APPELLEE.
85 N. W. 2d 295

Filed October 11, 1957. No. 34197.

*Kelley & Grant* and *Schrempp & Lathrop*, for appellant.

*Cassem, Tierney, Adams, Kennedy & Henatsch*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action brought by William Danze, as father and next friend of Michael Danze, a minor, for damages for personal injuries sustained when Michael Danze was struck and injured by defendant's automobile. The jury returned a verdict for the defendant and the plaintiff has appealed.

No contention is advanced that the case was not one for the jury or that the jury was not properly instructed by the court. Plaintiff makes three assignments of error pertaining to the conduct of the trial which will be dealt with in the order of their presentation in plaintiff's brief.

The evidence shows that Michael Danze was a child about 6½ years of age at the time of the accident, and about 8½ years of age at the time of the trial. At the time he was called as a witness the trial court interrogated him as to his qualifications as a witness, including his understanding of the necessity for telling the truth, and the penalty for not so doing. Plaintiff's attorney inquired if the oath had been administered. The trial court stated: "* * * No, I don't think you

swear a child like that, you just ask them if they know what to tell —." Plaintiff's counsel proceeded without making objection.

It is clear that plaintiff's counsel acquiesced in the court's ruling. The applicable statute, section 25-1237, R. R. S. 1943, requires that an oath be administered. When a party waives this provision of the statute by failing to object, he may not subsequently, after taking his chances on a favorable verdict, assert the failure to comply with the statutory provision as prejudicial error. Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151; Fetty v. State, 119 Neb. 619, 230 N. W. 440; City of O'Neill v. Clark, 57 Neb. 760, 78 N. W. 256.

The second assignment of error is that the trial court improperly commented upon the credibility of certain evidence and the witness giving the testimony. This assignment is based on the court's statement, hereinbefore quoted, when it declined to administer the oath to Michael Danze, and the following statement made in the record in sustaining an objection to evidence that defendant was friendly with all the boys living in the neighborhood where the accident occurred: "A man might be an angel and still have an accident that might be his fault, or he could be the other kind and never have an accident that was his fault. All those things just don't prove or disprove any of the issues in this case. No doubt Mr. Stange is a nice man." The contention is that these statements tend to improperly discredit the evidence of Michael Danze and to improperly increase the credibility of defendant's evidence with the jury. Irrespective of any merit in plaintiff's contention, the record shows that no objection was made to the statements complained of. Under such circumstances a party may not, after a verdict is returned, assign such as error. Objection to improper statements of a trial judge is a prerequisite to a review of such matters in this court. Bolio v. Scholting, 152 Neb. 588,

41 N. W. 2d 913; Morrow v. State, 146 Neb. 601, 20 N. W. 2d 602.

The plaintiff in his third assignment of error complains that the trial court orally instructed the jury contrary to section 25-1115, R. R. S. 1943. The record shows that in overruling an objection by defendant to the competency of Michael Danze as a witness because of his tender years, the court said: "Well, that's one of the things, Mr. Tierney, we are faced with in these cases, and the jury will have to take into consideration his age and so forth and his apparent ability to remember and not remember the occurrences referred to in his evidence, and then they will give that testimony such weight as they think it is entitled to receive under all the circumstances of the case." The record shows that defendant's counsel, and not plaintiff's counsel, objected to the form of the court's ruling as being an instruction to the jury. The court then said: "Well, I think that your objections maybe (interrupted) prompted that explanation. I don't mean to instruct them at this time."

Plaintiff's counsel made no objection to the foregoing statements. This precludes their assignment as error by him. The rule is: The alleged errors which may be considered on appeal are those that appear in the record of the proceedings which resulted in the verdict and judgment about which complaint is made and which are called to the attention of the trial court by timely objection. See Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170.

The assignments of error being without merit, the judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.