STATE OF NEBRASKA, APPELLEE, V. GEORGE EGGERS, APPELLANT.

120 N. W. 2d 541

Filed March 22, 1963.   No. 35327.

William S. Padley, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is a criminal action filed in the district court for Custer County, Nebraska, charging defendant, George Eggers, with the issuance of an insufficient fund check in the amount of $40. The jury returned a verdict of guilty. Defendant's motion for a new trial was overruled, and he was sentenced to 3 years in the State Penitentiary. He has perfected an appeal to this court.

On October 4, 1961, defendant purchased a load of hay from Robert L. McDowell, the complaining witness, which came to slightly over $200. The parties agreed on a figure of $200. According to the State's evidence, the defendant tendered $175 in cash, and, because he had no money to get home, McDowell gave him back $15, taking the $40 check in question. This check was dated October 4, 1961, and was drawn on the Crawford State Bank, Crawford, Nebraska. The check was returned, marked "Not Sufficient Funds." Defendant's ledger sheet at the Crawford State Bank, which was produced

by the State, indicated that the defendant had a bank balance of 3 cents on October 4, the date the check was issued.

Defendant had been tried on a similar offense to the same jury panel on the 5th and 6th of March 1962, and was found not guilty. The information in this case was filed in the district court on March 6, 1962. Defendant was arraigned on March 30, 1962, and entered a plea of not guilty. His trial was set for April 26, 1962. On March 30, 1962, defendant filed a motion to quash the complaint and information, and to abate the prosecution because the cause was to be tried to the same jury panel as a previous complaint in a similar action. This was argued on that date and was taken under advisement by the court.

Defendant's counsel, who was a resident of Broken Bow, thereafter withdrew from the case. On April 19, 1962, defendant secured new counsel from Gothenburg, Nebraska. On April 25, 1962, a motion for a continuance was filed, supported by the affidavit of the new counsel. The motion was premised on three grounds: First, counsel had not had sufficient time to prepare for trial; second, the testimony of witnesses in South Dakota, which could only be secured by deposition, was required for a proper defense, and time was insufficient to secure the testimony; and, third, defendant could not have a fair trial before a jury selected from the present panel, because he had previously been tried to a jury selected from said panel on a similar offense.

On April 26, 1962, the motion to quash and abate was overruled. The motion for a continuance was then heard and overruled, and a jury was impaneled. The defendant made no further objections to the panel and none of the jurors selected were challenged for cause.

Defendant sets out six assignments of error. The first one is as follows: "The Court erred in excluding competent, relevant, material and proper evidence offered by the plaintiff in error with respect to the issuance of

said check and the fact that it was to be retained by the payee until the return of the Plaintiff in Error to purchase a second load."

His sixth assignment of error, which will be considered with the first one, is as follows: "The court erred in refusing to admit testimony with respect to the entire transaction and dealings as between the complaining witness and the accused, offer having been made to prove with respect to the facts surrounding the transaction."

There is no question but that the trial court attempted to restrict the defendant in his defense to matters which occurred before or at the time of the issuance of the check. We find, however, only two offers of proof in the bill of exceptions.

The first offer is on the cross-examination of the complaining witness, and was made when the court sustained an objection to two questions. The record is as follows: "Q But in any event you did let him keep back $15 to have some money to be able to make his trip. A Yes, sir. Q Now, did you receive a telephone call from him later on? Mr. Evans: Objected to as incompetent, irrelevant and immaterial. The Court: Sustained. Q Did you ever talk to the man again after this date? Mr. Evans: Objected to as incompetent, irrelevant and immaterial. The Court: Sustained. Mr. Padley: I want to make an offer. (Offer made out of presence of jury.) Mr. Padley: By this witness the defense offers to prove that the transaction between the parties involved the purchase of a subsequent load of hay which the defendant later refused to purchase for the reason that he complained to this witness of the poor quality of the load of hay purchased in the transaction of Ocober 4th, and that as the result thereof he did not by his agreement pick up the check which was given on October 4th." While the questions were proper as foundational questions, the offer shows the error to be without prejudice. Clearly, the offer is much broader

than the question and is within the rule announced in Perkins v. Tilton, 53 Neb. 440, 73 N. W. 930, that: "An offer to prove, to lay the foundation for the proper presentment of error in the exclusion of proposed testimony as answer to a question to which an objection is sustained, must be of matter which would have been admitted as relevant, responsive, and pertinent in answer to the rejected interrogatory."

Defendant, by proper questions, could have elicited everything that was said and done in the transaction which resulted in the giving of the check. The quality of the load of hay and his reason for not returning are immaterial to the question involved in this prosecution.

Section 28-1214, R. R. S. 1943, provides that the issuance of an insufficient fund check shall be presumptive evidence of intent to defraud and of the knowledge of insufficient funds in the bank. This is a rebuttable presumption and does not shift the burden of proof, and the presumption of innocence is still a matter of evidence to which defendant is entitled, but along with it the jury is entitled to consider the presumption provided by this statute as to knowledge and intent. See Lahners v. State, 118 Neb. 184, 223 N. W. 951.

The crime of obtaining money by means of an insufficient fund check is completed at the time the check is uttered and passed. Unless subsequent transactions have some bearing on the transaction involved in the issuance of the check, they are immaterial and incompetent. See discussion in Haines v. State, 135 Neb. 433, 281 N. W. 860.

The other offer of proof was made during the direct examination of the defendant. The record is as follows: "Q On October 4th, 1961, did you have any other conversation with Mr. McDowell, - other than that which you have testified to, - concerning any further transactions with him? A I was to come back and get another load of hay. Mr. Evans: I ask that the answer be stricken as incompetent, irrelevant and immaterial. The

Court: Overruled. Q When were you to come back and get another load of hay, if you know. Mr. Evans: That is objected to for the reason that it is incompetent, irrelevant and immaterial. The Court: Sustained. (Out of hearing of jury). Mr. Padley: By this witness the defense offers to prove that the defendant instructed the complaining witness McDowell to hold the $40 check which is Exhibit 1, until he returned to load another load of hay. The defense also offers to prove that the load of hay obtained on October 4th was of inferior quality, the inferior quality being concealed from this defendant, and that an argument arose between the defendant and Mr. McDowell with respect to the quality of the hay on October 6th, 1961; that Mr. McDowell refused to make any adjustment and as the result the defendant did not return to pick up the next load of hay and as the result did not pick up the check which had been given to Mr. McDowell to be held, which check was Exhibit 1. Mr. Evans: To which offer the State objects as being incompetent, irrelevant, immaterial, and beyond the scope of the issues here before the court. The Court: The objection is sustained."

Previously, the defendant had been permitted to testify that he had told the complaining witness to hold the check, which is the point embraced in the first sentence of the offer. The additional portion of the offer is much broader than the question, and the objection made was properly sustained. As we said in Havlik v. St. Paul Fire Marine Ins. Co., 87 Neb. 427, 127 N. W. 248: "An offer of proof is required for the purpose of making it appear to the court that the question put to the witness calls for competent evidence. Unless it does so without equivocation, it is not error to overrule the offer."

The material portions of the offer could have been elicited by proper questions. We hold that it is not error to reject an offer of proof not within the limits of the question on which the offer is based. See, Barr v.

Post, 56 Neb. 698, 77 N. W. 123; Exchange Elevator Co. v. Marshall, 147 Neb. 48, 22 N. W. 2d 403.

Defendant's second assignment of error is the refusal of a continuance for the purpose of taking depositions. This is not argued in the brief and so needs no discussion herein. We do, however, observe that no prejudice could have resulted from the ruling. We find nothing in the affidavits presented which would have been material or competent evidence in the trial.

Defendant's third assignment of error is as follows: "The Court erred in compelling the Plaintiff in Error to be tried before a jury selected from the same jury panel which tried him on a similar charge of issuing an insufficient fund check on March 5th and 6th, 1962, and compelling him to be tried before a jury on which four of the members had been members of the previous jury. That the action of the court is prejudicial error." Defendant never properly presented this issue to the trial court and has waived any objection by his subsequent action.

Obviously, the motion to quash the information was not proper to raise the question. Section 29-1808, R. R. S. 1943, provides: "A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." Defendant's motion does not involve any defect apparent upon the face of the record. Further, the motion does not ask that the jury panel be discharged and another summoned, but asks that the information be quashed and the prosecution against him be abated.

Defendant's motion for a continuance also included an attack on the jury panel. In Seaton v. State, 106 Neb. 833, 184 N. W. 890, 19 A. L. R. 1056, we held: "The question of the competency of a venireman to sit in the trial of a criminal case cannot be raised by a motion for a continuance." In that case, nine of the jurors who sat at the trial of a codefendant who had been granted a

separate trial, were retained in the trial of the defendant. On this point, we approved the rule that: " 'A juror,' * * * 'is incompetent where he has sat on a jury that tried another jointly indicted defendant, even though he says he has formed no opinion and can try defendant impartially.' "

In that case, we also approved the following from Jacobs v. State, 1 Ga. App. 519: " ' "It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof." Unless the jury be absolutely impartial, the jury system becomes an "awkward instrument of justice," and the constitutional guaranty that "every person charged with an offense against the laws of this state * * * shall have a public and speedy trial by an impartial jury" * * * is worthless.' "

In the instant case, the defendant was represented by counsel who knew the proper method of raising the question of disqualification of jurors. For his own reasons he elected not to do so and passed the jurors selected for cause. By passing the jurors for cause, the defendant waived any objection to their selection as jurors. The right to challenge jurors for disqualification is a right which may be waived even in a capital case. Bufford v. State, 148 Neb. 38, 26 N. W. 2d 383. Defendant is not permitted to change his mind after an unfavorable verdict.

Defendant's fourth assignment of error pertains to the refusal of the trial court to dismiss the action at the close of the State's case. A sufficient answer to this is found in State v. Kimbrough, 173 Neb. 873, 115 N. W. 2d 422, in which we held: "Where a motion for a directed verdict is made at the close of the evidence of the State in a criminal action, the introduction of evidence thereafter by the defendant waives any error in the ruling on the motion. The defendant, however, is not prevented from questioning the sufficiency of the evi-

dence in the entire record to sustain a conviction."

Defendant did not renew his motion to dismiss at the close of all of the evidence, and the sufficiency of the evidence to sustain the conviction is not in issue in this case. We have, however, carefully reviewed the evidence and find a motion would have been of no avail because clearly a jury question was presented.

Defendant's fifth assignment of error involves the severity of the sentence under the circumstances and facts of this case. From our examination of the record, we are convinced that the ends of justice will be served by a sentence of 1 year in the State Penitentiary.

The jury found the defendant guilty as charged. We find no prejudicial error in the record and affirm the verdict and judgment of conviction, but reduce the sentence to 1 year in the State Penitentiary.

AFFIRMED AS MODIFIED.