STATE OF NEBRASKA, APPELLEE, V. JON P. POLINSKI, APPELLANT.

429 N.W.2d 725

Filed September 30, 1988.    No. 87-1093.

Edward F. Fogarty, of Fogarty, Lund & Gross, for appellant.

Robert M. Spire, Attorney General, and David Edward Cygan for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Jon P. Polinski was convicted by a jury in the county court for Douglas County, Nebraska, of driving while intoxicated. He was sentenced to 6 months' probation and fined $235, and his driver's license was suspended for 60 days.

Polinski appealed to the district court, alleging prosecutor misconduct. The conviction and sentence were affirmed by the district court. Polinski now appeals to this court. We reverse and remand for a new trial.

Polinski assigns only one error: The court below erred in not determining that defendant was prejudiced and entitled to a mistrial because of inappropriate contact with a juror made by the prosecuting attorney.

During the afternoon recess of Polinski's trial, defendant's counsel saw the prosecutor talking with a juror, and he asked the prosecutor to accompany him into the judge's chambers, where this record was made:

> MR. FOGARTY: I'm going to move for a mistrial 'cause just as I was sitting out in the chamber coming into the court I saw David Smalheiser, the prosecutor, walking with Connel Hessen (phonetic), one of our jurors, and

making small talk. It was very — it was social talk about something. But the small talk lasted from inside this room here all the out [sic] to about 30 feet outside the double doors where there was a session of about 50 feet and — and I know nothing was said about the case but I — I've always understood and always practiced, in 20 years, that the etiquette involved in lawyer contact with jurors is that there is to be none and you're not to curry favor with jurors and you're not to make small approaches like that and I think it's inappropriate and I just want to go on record and make a motion for a mistrial.

THE COURT: David?

MR. SMALHEISER: I apologize if it seemed I was currying favor. I certainly didn't. We were leaving the door at the same time, I think it would have been rude to ignore and say anything and I certainly didn't talk about the case, didn't try and undermine or try and establish any basis of friendship or any common ground with him.

MR. FOGARTY: Your Honor, - - -

MR. SMALHEISER: I think, sure if I had done that, that would have been improper but I certainly didn't do that.

MR. FOGARTY: Your Honor, the Court is well aware what the practice and custom amongst lawyers litigating cases with contact with jurors and such things as you don't even take the same elevators down, you warn (indiscernible) voir dire. I think it's inappropriate and that's the basis of my motion.

THE COURT: This — I'll overrule it.

After sentencing, Polinski's attorney filed a motion for a new trial, accompanied by his affidavit regarding the above-related contact. The prosecutor also filed an affidavit. There is nothing in either the attorneys' affidavits or the transcript of the in-chambers discussion to indicate that the conversation involved anything other than "small talk." The juror involved was later selected jury foreman.

There is no doubt that the circumstances of the conversation between the prosecutor and juror were improper, leaving the question of whether defendant had a fair trial before an

impartial jury. We first turn to approved trial procedures in similar circumstances.

" ' " 'It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof.'. . ." ' " *State v. Eggers,* 175 Neb. 79, 86, 120 N.W.2d 541, 546 (1963). In *State v. Myers,* 190 Neb. 466, 209 N.W.2d 345 (1973), it was brought to the attention of the court that some impaneled jurors might be subject to challenge because of prior service in a criminal case. The trial judge denied a motion to reexamine those jurors before proceeding to trial. On appeal, this court said at 472, 209 N.W.2d at 349:

> [I]t is the duty of the court to hear evidence and examine the jurors and determine whether any juror might be subject to disqualification for cause. A failure to inquire under such circumstances constitutes such fundamental unfairness as to jeopardize the constitutional guaranty of the right to trial by an impartial jury. Any lowering of those constitutional standards strikes at the very heart of the jury system.

Later, in *State v. Robinson,* 198 Neb. 785, 255 N.W.2d 835 (1977), it was held appropriate and not prejudicial to the defendant to hold a hearing and examine jurors on the issue of an impartial jury under circumstances where two jurors might have become unfairly prejudiced from hearing out-of-court statements concerning the credibility of the State's witnesses.

In the case at bar, the trial court did nothing to determine whether the juror could continue as an impartial juror. The court simply denied the defendant's motion for a mistrial. We hold that where, during a jury trial, the judge has information that might reasonably be an improper, out-of-court contact between the prosecutor and a juror, it is error for the judge to fail to hold a hearing outside of the presence of the jury to determine whether or not defendant's right to a fair trial by an impartial jury had been violated. It is not enough that both counsel agreed that the contact was "small talk." The trial judge must determine the impartiality of the juror, which generally will require his or her examination.

Polinski's conviction and sentence must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.